(88 South. 493.)

No. 23039.

## CUNA v. ELTON LUMBER CO., Limited.

(May 2, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant ⬳349—Statutory requirement of claim for compensation held not affected by repeal after injury.**

The requirement of the Employers' Liability Act, § 11, as to making claim for compensation within six months after injury, is a part of the substance of the contract of employment, and does not relate only to the remedy; so that the abrogation of the requirement by Act No. 243 of 1916, which went into effect five months after injury, did not affect the requirement and the rights of the parties under the earlier statute.

2. **Contracts ⬳227—Party may waive stipulations in his favor only.**

A party to a contract may waive stipulations in his own favor, but not those in favor of the other party.

O'Niell, J., dissenting.

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; Winston Overton, Judge.

Action by Will Cuna against the Elton Lumber Company, Limited. Judgment for defendant, and plaintiff appeals. Affirmed.

McCoy & Moss, of Lake Charles, for appellant.

John A. Hunter and Robert A. Hunter, of Shreveport, for appellee.

PROVOSTY, J. [1] Plaintiff sues under the Employers' Liability Act (Act 20, p. 44, of 1914). No claim for compensation, as required by section 11 of said act, was made previous to the filing of the suit; and the filing was more than six months after the occurrence of the injury. Said section reads:

"That no proceedings under this act for compensation shall be maintained unless a notice of the injury shall have been given to the employer within fifteen days after the accident, or in case of death within thirty days and unless either a claim for compensation with respect to such injury or any payment under section 8 of this act shall have been made within six months after the date of the injury or death. Such notice may be given or made by any person claiming to be entitled to compensation or by some one on his behalf."

Act 243, p. 512, of 1916, abrogated this requirement of making a claim for compensation within six months; and it went into effect about five months after the occurrence of the injury, so that there would yet have been time to make such claim for compensation if the requirement of it had not been abrogated.

Plaintiff contends that said requirement pertained to the remedy, and therefore could be dispensed with at any time by the Legislature, and, at most, was a statute of prescription, which could be repealed at any time before the prescription had accrued.

Defendant, on the other hand, contends

that the said requirement formed part of the contract of the parties, which the Legislature was powerless to impair.

There is no contention that said Act of 1914 was not, in every one of its provisions, read into the contract of the parties by operation of section 3 of the act; but the contention is that this requirement to make a claim for compensation before the bringing of suit did not constitute part of the substance of the contract, but related only to the remedy for the enforcement of it.

[2] The provisions of said act being read into the contract, the situation is as if these provisions had been inserted into the contract, not by operation of said act, but by the parties themselves. Now, if parties agree that "no proceeding for compensation" under their contract "shall be maintained unless claim for compensation ⁂ ⁂ ⁂ shall have been made within six months" from the occurrence of the event giving rise to the claim for compensation, there is little doubt that such stipulation would be one of the essential conditions of the contract, or, in the language of learned counsel, be "matter of substance." By what right is a court to say that any particular express stipulation of a contract does not enter into its essence or substance. A party may waive stipulations in his own favor, but not those in favor of the other party, as the one here in question manifestly was.

The same question in connection with the 30-day notice required by the same said section 11 to be given was decided in this sense by the Supreme Court of Errors of Connecticut, in Schmidt v. Baking Co., 90 Conn. 217, 96 Atl. 963, the court holding:

"Pub. Acts 1913, c. 138, § 21, providing the manner of noticing injuries to servants, relates to substantive rights, the relation between the parties being contractual, and the statute being a part of the contract; so that the enactment of Pub. Acts 1915, c. 288, §§ 3, 13, supplanting such section, after an injury, but before compensation, did not affect the requirement of notice, and the rights of the parties were determined under the former statute."

The case was decided against plaintiff below on the merits.

For the reasons hereinabove assigned, Judgment affirmed.

O'NIELL, J., dissents.