81 P.2d 61

### WILSON v. NEW MEXICO LUMBER & TIMBER CO.

### No. 4377.

Supreme Court of New Mexico.

June 27, 1938.

Mechem & Hannett and Donald B. Moses, all of Albuquerque, for appellant.

W. A. Keleher and Theo. E. Jones, both of Albuquerque, for appellee.

SADLER, Justice.

Claimant seeks to recover from defendant under the workmen's compensation act of New Mexico for injuries sustained on April 13, 1937. At the time of the injury the statute (1929 Comp., § 156-113) limited the time within which such a claim could be filed to six months after refusal or failure of the employer to pay compensation. On June 11, 1937, there became effective an amendment of that section (L.1937, c. 92, § 7) which substituted the words "one year" for the words "six months." Claimant's suit was filed December 16, 1937, and the employer demurred on the ground "That said claim as so filed shows on its face that the statute of limitations has run against said claim and by virtue thereof the claimant's claim for compensation, all right to recover the same and the bringing of any legal proceeding for the recovery thereof are all forever barred." The district court sustained the demurrer and claimant appealed.

Claimant contends that the one year period within which claims may be filed under the amendment is applicable to the injury which occurred before the amended act became effective, especially since the six months' period specified in Section 156-113 had not expired before the effective date of the amendatory act. We cannot agree with him.

█ In order for claimant to come under the amended act, said act would have to receive a retroactive construction.

, "As applied to statutes the words 'retroactive' and 'retrospective' may be regarded as synonymous and may broadly be defined as having reference to a state of things existing before the act in question. A retrospective law may be defined more specifically as one 'which is made to affect acts or transactions occurring before it came into effect, or rights already accrued, and which imparts to them characteristics, or ascribes to them effects, which were not inherent in their nature in the contemplation of the law as it stood at the time of their occurrence.' Black on Interpretataion of Laws, 247." Ashley v. Brown, 198 N.C. 369, 151 S.E. 725, 727.

█ The general rule is that statutes, except those dealing with remedial procedure, are to be construed as prospective rather than retrospective unless there is a clear legislative intention to the contrary. Link v. Receivers of Seaboard Air Line Ry. Co., 4 Cir., 73 F.2d 149; Warner's Cafeteria v. John F. Trommer, Inc., 149 Misc. 613, 267 N.Y.S. 805; Wettengel v. Robinson, 300 Pa. 355, 150 A. 658; Ireland v. Shipley, 165 Md. 90, 166 A. 593; Bank of America Nat. Trust & Savings Ass'n v. Dennison, 8 Cal.App.2d 173, 47 P.2d 296; Jones v. Fidelity & Columbia Trust Co., 6 Cir., 73 F.2d 446; Mutual Relief Ass'n v. Parker, 171 Ark. 952, 287 S.W. 199; People ex rel. Cook County v. Nelson, 349 Ill. 193, 181 N.E. 635; Bretthauer v. Jacobson, 79 N.J.L. 223, 75 A. 560.

In the case last mentioned above the court said (page 561): "If the provision in

the death act fixing the time within which suits instituted thereunder should be brought was an ordinary statute of limitations, dealing only with the remedy given to the plaintiffs, the conclusion reached by the court below would be sound beyond controversy; for it is entirely settled that, until the period fixed by such a statute has arrived, the statute is a mere regulation of the limitation, and, like other such regulations, subject to legislative control. But this provision of the death act is not an ordinary statute of limitations. It operates, not only as a limitation of the remedy given the plaintiffs, but also as a limitation of the liability which it creates against defendants. * * * Consequently, when the wrongful act which is the subject-matter of the present litigation was committed by the defendants' employe, the defendants became legally liable for a period of 12 calendar months to compensate the next of kin of the deceased for the pecuniary injury resulting to them from his death, and were exempt from such liability at the expiration of that period. Their right to complete exemption at the end of the time specified was as complete as the right of the plaintiff to hold them responsible in damages during the running of that time, and the right of each became vested when the wrongful act occurred."

The rule is well stated in the following quotation from Link v. Receivers of Seaboard Air Line Ry. Co., 4 Cir., 73 F.2d 149, 151:

"It is true that statutes relating to practice and procedure generally apply to pending actions and those subsequently instituted, although the cause of action may have arisen before. (Citing cases.) But these are not mere procedural provisions of statutes with which we are dealing. The statute of 1882, as well as that of 1930, creates in one who obtains a judgment against a railroad company a right superior to the rights of mortgagees in the railroad property, but only upon condition that the action for obtaining the judgment is instituted within the time limited by the act. The condition thus prescribed is not, therefore, a mere regulation of procedure, but a condition annexed to the enjoyment of the right, and is not at all different from similar provisions in statutes creating a cause of action. As to these, it is well settled that failure to bring the action within the time limited destroys the right itself, and not merely the remedy. (Citing cases.)

"The change made by the statute of 1930, therefore, was not a mere change in procedure, but a change affecting substantive rights; and, as to such statutes, the rule is well settled that they will not be given a retroactive effect unless it clearly appears that the Legislature so intended. (Citing cases.) And there is nothing here to show that the Legislature intended the statute of 1930 to have any retroactive effect. On the contrary, the language of the statute is entirely prospective."

See also Gallegos v. A., T. & S. F. Ry. Co., 28 N.M. 472, 214 P. 579 and Fulghum v. Madrid, 33 N.M. 303, 265 P. 454, where we recognized the rule to be universal that

statutes have prospective operation only, in the absence of a clearly manifested legislative intent to the contrary.

Cuna v. Elton Lumber Co., Limited, 148 La. 1097, 88 So. 493 and Gauthier v. Penobscot Chemical Fiber Co., 120 Me. 73, 113 A. 28, are cases more directly in point from the standpoint of the kind of legislation involved. In each case the court was dealing with amendments to workmen's compensation acts interpreted as creating a new right. The Cuna Case presented the question whether an amendment enlarging the period of limitations effective prior to the bar under the old statute controlled the limitations as to an injury occurring before the effective date of the amendment. The amendments were denied retroactive effect.

■ There is nothing in the amendatory act involved in the case at bar to indicate that the Legislature intended it to receive a retroactive construction. Whether, if so intended, the amendment would violate constitutional guaranties, a contention urged by the employer, we need not determine.

■ The only remaining question, therefore, is: Does this statute come within the exception mentioned above as one dealing with "remedial procedure"? The effect of this court's holdings is that it does not.

In Taylor v. American Employers' Ins. Co. of Boston, Mass., et al., 35 N.M. 544, 3 P.2d 76, the syllabus written by the court reads as follows: "The requirement of the New Mexico Workmen's Compensation Act, chapter 83, Laws 1917 (as amended) that the employee must file his claim for compensation in the office of the clerk of the district court not later than sixty days after the refusal or failure of the employer to pay the same, is a limitation on the right of action, which is wholly statutory, and not a mere limitation on the remedy, and is absolute and unconditional, and not subject to pleas of waiver or estoppel." See also Edinburg v. Southwestern Public Service Co., et al., 37 N.M. 139, 19 P.2d 747 and Maestas v. American Metal Co., 37 N.M. 203, 20 P.2d 924.

In Maestas v. American Metal Co., supra, the court said (page 926): "Where the ordinary statute of limitations is pleaded by the defendant, in an ordinary action, there exists a conflict among the adjudicated cases as to where rests the burden of proof as to when the cause of action accrued. * * * But where the filing of the claim for compensation in the office of the clerk of the district court, not later than 6 months after failure or refusal of the employer to pay the same, is limitation on the right of action, which is wholly statutory, and not a mere limitation upon the remedy, and is absolute and unconditional * * *, the burden is upon the claimant to prove compliance therewith. (Citing cases.)"

In the face of such holdings it can hardly be contended that we are here dealing with an ordinary statute of limitations. 1929 Comp., § 156-113, is a limitation upon the right as well as the remedy. The Legislature evidenced no intention that the amending act should be retroactive. We must,

therefore, give it only prospective effect in accordance with the general rule. Hence, claimant's right of action expired at the end of the six months' period of limitations applicable.

The plaintiff places chief reliance upon Mayor and City Council of Baltimore v. Perticone, 171 Md. 268, 188 A. 797 and State ex rel. Donovan v. Duluth St. Ry. Co., 150 Minn. 364, 185 N.W. 388, which give effect to the period for presenting claims as an ordinary statute of limitations. Obviously such holdings are out of harmony with our decisions declaring such period to be a limitation on the right as well as the remedy.

The judgment of the district court will be affirmed. It is so ordered.

HUDSPETH, C. J., and BICKLEY, BRICE, and ZINN, JJ., concur.