AIR CONDITIONING TRAINING CORP., Plaintiff, *v.* ALEXANDER TOTH, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, April 27, 1942.

*Reuben S. Levins,* for the plaintiff.

*John F. O'Donnell,* for the defendant.

GENUNG, J. The plaintiff moves for an examination of the defendant before trial and the defendant, by a cross-motion, seeks a dismissal of the complaint upon the ground that it does not set forth a cause of action in that it fails to comply with paragraph (b) of section 80-a of the Education Law.

The complaint discloses that the plaintiff, an Ohio corporation, on August 24, 1939, contracted to furnish a correspondence course in refrigeration and air conditioning to the defendant, who concededly is a resident of New York, and the defendant agreed to pay, as tuition therefor, the sum of $224.50, payable five dollars down and five dollars monthly until paid. The defendant, the complaint alleges, paid only thirty dollars and this action was commenced to enforce payment of the balance.

Section 80-a of the Education Law became effective on September 1, 1940. In substance, it provides that a non-resident conducting a correspondence school outside of the State of New York cannot institute or maintain an action in any court in this State under any contract for instruction or education entered into with a resident of the State of New York, unless he alleges and proves (a) that the form of the contract sued upon was approved by the Department of Education prior to the date on which it had been entered into; (b) that prior to the commencement of the action, there was filed with the Secretary of State a certificate containing his consent to be sued in the courts of this State and designating the Secretary

of State as his agent upon whom process in any action against him may be served within this State.

The plaintiff resists the dismissal of its complaint upon two grounds, viz., that section 80-a of the Education Law became effective subsequent to the time when the rights of the parties hereto became fixed by their contract and that in any event the statute is unconstitutional since it is violative of the interstate commerce clause of the Federal Constitution.

That statutes will not be construed as being retroactive unless there appears a clear legislative intent to make it so, is a primary rule of statutory construction. Nothing contained in section 80-a is indicative of such intent and it has been held, in *Goldsmith* v. *Brown* (176 Misc. 257), that this statute is not applicable to pre-existing contracts.

The defendant, however, urges that although clause (a) of the statute is not applicable, paragraph (b) thereof constitutes a condition precedent to the institution of this suit, contending that paragraph (b), being procedural in nature, is an exception to the aforementioned rule of construction.

The court is of the opinion that paragraph (b) is not merely procedural in nature, since it is concerned with plaintiff's right to enforce the contract and not merely with the method of enforcement. (*Warner's Cafeteria* v. *Trommer, Inc.*, 149 Misc. 613; *Micamold Radio Corp.* v. *Beedie*, 156 id. 390.) Even procedural statutes which tend to destroy existing rights or create new rights must be prospective and not retrospective. (*Micamold Radio Corp.* v. *Beedie, supra; Blyer* v. *Hershman*, 156 Misc. 349; *Jacobus* v. *Colgate*, 217 N. Y. 235; *Sliosberg* v. *New York Life Ins. Co.*, 244 id. 482; *Western Mass. Fire Ins. Co.* v. *Hilton*, 42 App. Div. 52; *International Text Book Co.* v. *Tone*, 220 N. Y. 313; *Warner's Cafeteria* v. *Trommer, Inc., supra; Railroad Co-op. Building & Loan Assn.* v. *Boston Bldg. Estates, Inc.*, 149 Misc. 349.)

A careful analysis of the statute reveals that by its terms it specifically excludes those who maintain schools within New York State. Thus, it is directed solely against non-residents of this State whose business, with residents of New York, is exclusively interstate. Said act being regulatory in nature as distinguished from revenue raising, the court is constrained to decide that such legislation is beyond the power of this State as contravening the Federal Constitution which exempts interstate commerce from such regulation, restraint or restrictions. (*International Text Book Co.* v. *Tone, supra; International Text Book Co.* v. *Pigg*, 217 U. S. 91; *International Text Book Co.* v. *Lynch*, 218 id. 664.)

The motion to dismiss the complaint is, therefore, denied. The motion for an examination before trial is granted. Orders signed.