AIR CONDITIONING TRAINING CORP., Plaintiff, *v.* KATHRYN A. PERRYMEN, Defendant.*

Supreme Court, Special Term, New York County, May 7, 1942.

---

* See, also, *Air Conditioning Training Corp.* v. *Toth* (178 Misc. 382).

*Reuben S. Levins,* for the plaintiff.

*Charles Koop,* for the defendant.

BERNSTEIN, J. The motion to dismiss the complaint is based upon the ground that it fails to conform to the requirements of section 80-a of the Education Law (added by Laws of 1940, chap. 706). That section prohibits the institution or maintenance of an action upon a contract for instruction unless (a) the form of the contract was first submitted to and approved by the Department of Education and (b) there was filed with the Secretary of State a consent to be sued in the courts of this State. The section went into effect on September 1, 1940, after the execution of the contract for instruction but before the commencement of the action on such contract. It has already been held that the requirement for submission and approval of the form of the contract has no retroactive force as to contracts entered into before the effective date of the statute. (*Goldsmith* v. *Brown,* 176 Misc. 257.) The question involved here is whether the statute is applicable to an action instituted, as this one was, after its effective date but without the requisite certificate of consent to be sued having first been filed with the Secretary of State. On this question the statute must be considered as a whole. If paragraph (b) stood alone and apart from the other provisions of the section, it would be quite reasonable to construe it as remedial and procedural, and hence applicable to all actions. It does not, however, stand alone. It is joined up with clause (a) which provides for the submission and approval of the form of the contract itself. Read together, these provisions declare that no action may be brought on a contract for instruction unless two things shall have concurred, to wit, that the form of contract shall have been approved by the board of education and that a certificate of consent to be sued shall have been filed with the Secretary of State. In that view the statute concerns itself entirely with the right to enforce the contract and not merely with the method of its enforcement and, under the general rule, must be construed to apply only to contracts entered into after September 1, 1940. (*Jacobus* v. *Colgate,* 217 N. Y. 235.) Motion to dismiss the complaint is denied, with leave to the defendant to answer within ten days after the service of a copy of this order with notice of its entry.