WALTON SCHOOL OF COMMERCE, Plaintiff, *v.* WILLIAM GROSS, Defendant.

Municipal Court of New York, Borough of Manhattan, February 18, 1943.

*Reuben S. Levins* for plaintiff.

*Jack Gross* for defendant.

GENUNG, J.   On this motion for summary judgment only questions of law are raised, since the pertinent facts are not disputed.

The plaintiff is a foreign corporation organized under the laws of the State of Illinois.   It maintains its home office in Chicago where it conducts a correspondence school.   It appears from the affidavits submitted that no school is maintained within the State of New York.   Students are enrolled through the mail; they receive their instruction through textbooks and papers mailed to them from Chicago and they mail their lessons or reports for correction to the same place.   The functions of the school are thus accomplished solely through the medium of the mails.

The defendant, concededly a resident of the State of New York, enrolled in plaintiff's school, by signing the enrollment application annexed to the complaint, on October 10, 1942, and mailing it to the plaintiff at Chicago, Ill., where it was accepted by plaintiff's secretary on October 13, 1942.   The contract thus became an Illinois contract.   (*Page Co. v. Sherwood,* 65 Misc. 543.)

In substance, this contract provided that the plaintiff was to furnish a correspondence course in advanced accounting and auditing to the defendant, for which the latter agreed to pay, as tuition, the sum of $144, payable $16 down and the balance in monthly installments of $10.

After acceptance of the defendant's enrollment and receipt of the initial payment of $16 which accompanied the application, the plaintiff undertook performance of the contract by furnishing the defendant with the first thirty-three lessons of the course in question.   It is conceded that the defendant breached this contract by his failure and refusal to study and send lessons back for correction and by refusing to make payments as agreed.   The reason assigned for this

is contained in defendant's letter of December 16, 1942, sent in response to plaintiff's inquiry as to defendant's failure to abide by the terms of the contract. The defendant there stated that he did not have the anticipated amount of time to devote to study.

The defendant, resisting plaintiff's motion, alleges that plaintiff's failure to comply with the requirements of sections 80 and 80-a of the Education Law is a complete bar to recovery.

Section 80 of the Education Law cannot defeat this action since it seeks only to regulate correspondence schools conducted within the State of New York, whereas it is agreed that plaintiff here conducts no correspondence school in New York.

Section 80-a, however, presents a more difficult problem. That section provides that no correspondence school, located outside of the State of New York, may institute or maintain an action in any court in this State, upon any contract for instruction or education entered into with a resident of this State, unless it be first alleged and proved (a) that the form of contract sued upon was approved by the Department of Education prior to its execution and (b) that prior to the commencement of the action the school filed a certificate with the Secretary of State, wherein it consented to be sued in any court in this State, and designated said Secretary of State its agent upon whom process in any action instituted against it in this State might be served.

The complaint herein does not allege the foregoing facts nor is any claim made that there has, in fact, been any compliance with section 80-a.

Clearly, then, the plaintiff cannot succeed in this action unless, as it contends, said statute is an unconstitutional encroachment upon the right of the Federal Government to regulate interstate commerce.

It has already been held that section 80-a could not, on constitutional and other grounds, affect contracts executed prior to September 1, 1940, the effective date of said statute. (*Air Conditioning Training Corp.* v. *Perryman,* 178 Misc. 399; *Goldsmith* v. *Brown,* 176 Misc. 257; *Air Conditioning Training Corp.* v. *Toth,* 178 Misc. 382.)

Unquestionably schools which are located outside of the State of New York and whose transactions with residents of the State of New York are concluded solely by mail or other similar traffic from without the State are engaged in interstate commerce, the regulation of which is expressly reserved to the Federal Government by the Constitution of the United States. (*International Textbook Co.* v. *Pigg,* 217 U. S. 91; *International*

*Textbook Co.* v. *Lynch,* 218 U. S. 664; *Western Mass. Fire Ins. Co.* v. *Hilton,* 42 App. Div. 52; *Lebanon Mill Co., Inc.,* v. *Kuhn,* 145 Misc. 918.)

No State may usurp this function by enacting legislation such as section 80-a which is directed solely against persons engaged in interstate commerce and which places an undue burden upon the flow of such commerce.

The Supreme Court of the United States condemned a similar statute in *Sioux Remedy Co.* v. *Cope* (235 U. S. 197, 205), wherein the court stated: " The second one, respecting the appointment of a resident agent upon whom process may be served, is particularly burdensome, because, as the Supreme Court of the State has said, it requires the corporation to subject itself to the jurisdiction of the courts of the State in general as prerequisite to suing in any of them; that is to say, it withholds the right to sue even in a single instance until the corporation renders itself amenable to suit in all the courts of the State by whosoever chooses to sue it there. If one State can impose such a condition others can, and in that way corporations engaged in interstate commerce can be subjected to great embarassment and serious hazards in the enforcement of contractual rights directly arising out of and connected with such commerce. As applied to such rights we think the conditions are unreasonable and burdensome, and therefore in conflict with the commerce clause."

In passing it is to be remembered that it is the policy of this State to encourage interstate commerce to avail itself of the benefits which are derived therefrom, as this court stated in *Lebanon Mill Co., Inc.,* v. *Kuhn* (145 Misc. 918, 920, *supra*): " Quite aside from fundamental constitutional considerations (Cf. *Furst* v. *Brewster,* 282 U. S. 493), such a restriction would run counter to the self-interest of this predominantly mercantile community, the commerce of which is largely interstate and international."

This court is, therefore, constrained to hold that enacting said legislation is beyond the power of this State, and therefore section 80-a is unconstitutional.

Plaintiff's motion is therefore granted. The defendant's answer is stricken out and the clerk of this court is directed to enter judgment in favor of the plaintiff for the relief demanded in the complaint. Five days' stay.