793 P.2d 1354
**CONSOLIDATED FREIGHTWAYS, INC., Claimant–Appellant/ Cross–Appellee,**

v.

**The SUBSEQUENT INJURY FUND and Fabian Chavez, Superintendent of Insurance, Respondent–Appellee/Cross–Appellant.**

**Nos. 11595, 11667.**

Court of Appeals of New Mexico.

May 15, 1990.

Charles E. Stuckey, Jay B. Simonson, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for claimant-appellant/cross-appellee.

Victor S. Lopez, The Benavidez Law Firm, Albuquerque, for respondent-appellee/cross-appellant.

## OPINION

BIVINS, Chief Judge.

Employer appeals from a summary judgment by the Workers' Compensation Division (the WCD) dismissing its claim against the New Mexico Subsequent Injury Fund (the Fund) on the ground that employer had not filed a certificate of preexisting impairment prior to worker's subsequent injury. The Fund cross-appeals that portion of the WCD's order alternatively denying it summary judgment based upon employer's failure to provide the Fund ninety days' notice of its intent to file a claim. We reverse the WCD on both issues.

## FACTS

Worker suffered an accidental work-related injury on October 27, 1984. No certificate of preexisting physical impairment was filed prior to the injury of October 27, 1984. Whether employer had actual knowledge that worker had any alleged impairment prior to October 27, 1984, although assumed for the purpose of summary judgment, was factually disputed. Worker filed a compensation claim against employer in 1986. Employer petitioned to add the Fund as a party to the action on May 16, 1988. Employer failed to notify the super-

intendent of insurance in writing of its intent to file a claim against the Fund ninety days prior to the date the Fund claim was filed.

## EMPLOYER'S APPEAL

Under the law in effect at the time of worker's subsequent injury, an employer could recover from the Fund, even though prior to the injury it had not filed a certificate of preexisting impairment, as long as employer had actual knowledge of the worker's preexisting condition. *See Fierro v. Stanley's Hardware*, 104 N.M. 50, 716 P.2d 241 (1986); *Vaughn v. United Nuclear Corp.*, 98 N.M. 481, 650 P.2d 3 (Ct.App. 1982). The Subsequent Injury Act was amended in 1988 to bar claims by employers against the Fund for subsequent injuries unless a certificate of preexisting impairment had been filed prior to the subsequent injury. *See* NMSA 1978, § 52–2–6(D) (Cum.Supp.1989). This amendment became effective March 8, 1988. 1988 N.M.Laws, ch. 109, § 4. In granting summary judgment for the Fund, the hearing officer found that the amendment applied to the present claim.

■ During the pendency of this appeal, we decided *Jojola v. Aetna Life & Casualty*, 109 N.M. 142, 782 P.2d 395 (Ct.App. 1989), which held that the filing requirement of amended Section 52–2–6(D) could not be applied retroactively. We also held that "in the absence of express statutory language or compelling reasons to the contrary, any new provisions of the Workers' Compensation Act shall apply only to causes of action accruing after the effective date of the provision." *Id.* at 144, 782 P.2d at 397. This rule applies to the Subsequent Injury Act. *Id.* The parties do not dispute the applicability of *Jojola* to the facts of this case. Nevertheless, we must still remand to the WCD for a finding concerning when employer's cause of action accrued against the Fund. We now consider whether, notwithstanding such error, the WCD should have granted the Fund summary judgment on the alternative basis, failure to give ninety days' notice before filing the Fund claim.

## FUND'S CROSS–APPEAL

■ NMSA 1978, Section 52–2–14(B) (Cum.Supp.1989), provides:

> The superintendent of insurance shall be notified in writing by an employer or its insurance carrier of the employer's or its insurance carrier's intent to file a claim against the fund at least ninety days before the employer or its insurance carrier files a claim against the fund. The written notice shall be a condition precedent to filing any claim. If an employer or its insurance carrier fails timely to provide the written notice required by this subsection, an employer's claim and its insurance carrier's claim against the fund are barred.

This provision, like amended Section 52–2–6(D), took effect on March 8, 1988. 1988 N.M.Laws, ch. 109, § 4. The hearing officer concluded that the new law applied to employer's claim against the Fund. He also concluded that the claim against the Fund did not become pending until the Fund was made a party on May 16, 1988. Consistent with his ruling as to Section 52–2–6(D), the hearing officer determined the requirements of Section 52–2–14(B) applied to employer's claim. Although the Fund concedes that *Jojola* is dispositive of the issue arising under Section 52–2–6(D), it argues that the reasoning in that case should not be extended to Section 52–2–14(B). Employer contends that the rule of *Jojola* applies also to Section 52–2–14(B).

Under the rule of construction announced in *Jojola*, Section 52–2–14(B) would apply only to causes of action accruing after March 8, 1988, absent express statutory language or compelling reasons to the contrary. We do not believe the Fund has advanced any compelling reasons why the new provision should be applied retroactively. Moreover, the fact that the legislature mandated that the Act take immediate effect evidences an intent that it be applied prospectively. *Franklin v. State ex rel. Dep't of Human Servs.*, 730 F.2d 86 (10th Cir.1984).

The Fund argues that Section 52–2–14(B) is a remedial procedure change to the Sub-

sequent Injury Act, thereby calling for retroactive application. *See Wilson v. New Mexico Lumber & Timber Co.*, 42 N.M. 438, 81 P.2d 61 (1938) (procedural changes may be applied retroactively). The Fund contends that the majority opinion in *Jojola* conflicts with the supreme court's holding in *Wilson*. *See Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973) (court of appeals bound by supreme court precedent). We disagree.

■ The holding in *Jojola* was based on recognition of the sui generis nature of the Workers' Compensation Act. *See id.* In *Wilson*, the supreme court held that the statute of limitations in our Workers' Compensation Act is "a limitation upon the right as well as the remedy" and should not be applied retroactively. *Id.* 42 N.M. at 442, 81 P.2d at 64. *See also Davis v. Meadors–Cherry Co.*, 65 N.M. 21, 331 P.2d 523 (1958) (remedy in a workmen's compensation case is part of the right). Our pronouncement of a uniform rule in *Jojola* was simply a realization of the teaching of our case law. We also recognized the futility of analyzing provisions of the Workers' Compensation Act as matters of remedial procedure in determining whether they should be applied retroactively. We therefore reiterate our holding in *Jojola* that new provisions of the Workers' Compensation Act shall apply only to causes of action accruing after the effective date of the provision. We see no reason to distinguish Section 52–2–14(B) from Section 52–2–6(D).

Furthermore, we determine that under the previous remedial procedure distinction, Section 52–2–14(B) must be applied prospectively. As previously noted, the statute of limitations in workers' compensation cases has been applied prospectively. *Wilson v. New Mexico Lumber & Timber Co.* We believe the notice provision in Section 52–2–14(B) should be similarly applied. Notice provisions operate as statutes of limitations since they are conditions precedent to filing a suit. *Ferguson v. New Mexico State Highway Comm'n*, 99 N.M. 194, 656 P.2d 244 (Ct.App.1982). While it is

true that there is no connection between the accrual date of the statute of limitations and the date on which the Fund received notice of the subsequent injury, *see City of Roswell v. Chavez*, 108 N.M. 608, 775 P.2d 1325 (Ct.App.1989), the failure to give the required notice under Section 52–2–14(B) operates to bar the action in the same manner as a statute of limitations. We therefore hold that prospective application of Section 52–2–14(B) comports with the holding in *Wilson* and decline to depart from our holding in *Jojola* in the instant case.

■ The Fund appears to argue that Section 52–2–14(B) should apply to this case regardless of whether it is limited to prospective application. It argues that the action against the Fund was not pending until May 16, 1988, two months after the amendment's effective date. *Jojola* clearly states, however, that prospectively applied provisions shall apply only to causes of action *accruing* after the effective dates. The date of pendency in this case is therefore irrelevant to the prospective application of the amended provision.

■ The Fund also contends that applying Section 52–2–14(B) to this case might not result in a retroactive application because employer had ample opportunity to give the required notice before the statute of limitations ran. *See Lucero v. Board of Regents of N.N.M. State School at El Rito*, 91 N.M. 770, 581 P.2d 458 (1978) (a statute is not applied retroactively merely because it draws upon antecedent facts for its operation). Assuming the statute ran on October 27, 1988, four years after the date of the alleged subsequent injury, employer could have given notice to the Fund until late July 1988 without fear that the statute would run. Notwithstanding the merits of the Fund's contention, our review of the record indicates that the Fund did not raise this issue in the WCD. Where the record does not indicate that a contention was presented below, it will not be considered on appeal unless it is jurisdictional in na-

ture. *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 745 P.2d 717 (Ct.App.1987). Moreover, even if this argument had been advanced, we would have to be concerned with those cases where the statute of limitations would expire before the ninety-day period had run. For example, an employer facing a statute of limitations deadline within ninety days of March 8, 1988, would have to wait until after the statute ran to file its claim against the Fund, if Section 52–2–14(B) was applied in the manner argued by the Fund. .

■ Therefore, Section 52–2–14(B) applies to causes of action accruing after its effective date of March 8, 1988. The statute of limitations on the employer's claim against the Fund begins to run from the time the employer knew or should have known that it had a claim against the Fund. *Hernandez v. Levi Strauss, Inc.*, 107 N.M. 644, 763 P.2d 78 (Ct.App.1988). The record before us does not include a finding determining when employer knew or should have known it had a claim. In fact, it appears from the parties' stipulated facts that this issue is factually disputed. Accordingly, we remand to the WCD to determine when employer's cause of action accrued against the Fund. If employer's cause of action against the Fund accrued prior to March 8, 1988, employer is exempt from the notice provisions of Section 52–2–14(B). If employer's cause of action accrued on or after March 8, 1988, the notice provision of Section 52–2–14(B) is applicable.

■ Finally, we note that the hearing officer, while holding Section 52–2–14(B) applied to this case, nevertheless denied summary judgment to the Fund on the ground that the filing of the action substituted for the ninety-day notice requirement. Employer argues the hearing officer's decision was correct, inasmuch as the Fund suffered no prejudice from the lack of notice. The Fund argues that the WCD has no statutory or other authority to consider whether there was a lack of prejudice to excuse employer's failure to give notice. The Fund further contends that Section 52–2–14(B) would be rendered meaningless if the filing of a claim could be substituted for the required notice. We agree with the Fund.

■ Courts assume that the legislature will not enact useless statutes or amendments. *In re Estate of Greig*, 107 N.M. 227, 755 P.2d 71 (Ct.App.1988). Employer's interpretation of Section 52–2–14(B), allowing the filing of the claim to substitute for the required notice, would render the statute useless. Moreover, the WCD is without express statutory or other authority to establish a "no prejudice" exception to the notice requirement. *See City of Roswell v. Chavez* (WCD may not establish good cause rule to allow tolling of statute of limitations of Fund claims absent express statutory authority or facts indicating Fund's complicity in late filing).

The summary judgment in favor of the Fund based on Section 52–2–6(D) is reversed. We also reverse the hearing officer's determination that Section 52–2–14(B) applied to this case but that the filing of employer's claim against the Fund substituted for the required notice under that provision. This matter is remanded to the WCD with instructions to determine when employer's cause of action against the Fund accrued and for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DONNELLY and APODACA, JJ., . concur.