2008-NMCA-155

196 P.3d 490

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Nicholas MORALES, Defendant–
Appellant.**

No. 26,969.

Court of Appeals of New Mexico.

Sept. 16, 2008.

Certiorari Granted, No. 31,360,
Nov. 5, 2008.

Gary K. King, Attorney General, Anita Carlson, Assistant Attorney General. Santa Fe, NM, for Appellee.

Hugh W. Dangler, Chief Public Defender, Susan Roth, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

CASTILLO, Judge.

{1} In this case, we consider the retroactive application of a 1997 statute eliminating the statute of limitations on the prosecution of first degree felonies. NMSA 1978, § 30–1–8(G) (1997, prior to amendments through 2005) (hereinafter the 1997 amendment). In 2005, Defendant was charged with five counts of criminal sexual penetration of a minor—all first degree felonies. The State alleged that these five incidents occurred "on or between the 1st day of January, 1978, and the 30th day of December, 1985." Defendant filed a motion to dismiss, arguing that the statute of limitations in effect when the crimes were allegedly committed had expired and, therefore, the time for prosecution of the charged crimes had passed. The trial court denied Defendant's motion and certi-

fied the statute of limitations issue for interlocutory appeal. After considering constitutional and statutory construction principles, we agree with Defendant. Accordingly, we reverse the trial court.

## I. DISCUSSION

{2} There is some dispute regarding the proper standard for this Court's review of a trial court's construction of a statute of limitations. Defendant and the State agree that "[w]hen facts relevant to a statute of limitations issue are not in dispute, the standard of review is whether the district court correctly applied the law to the undisputed facts." *State v. Kerby*, 2007–NMSC–014, ¶ 11, 141 N.M. 413, 156 P.3d 704 (internal quotation marks and citations omitted). Defendant, however, contends that the State was required to show beyond a reasonable doubt that the statute of limitations did not bar prosecution. The State disagrees and argues that it was not required to answer—pre-trial—a question of statutory interpretation beyond a reasonable doubt. We agree with the State. As was the case in *Kerby*, "Defendant did not dispute the factual time frame relevant to the statute of limitations at trial. . . . Thus, we conclude that the relevant facts were not in dispute and, accordingly, review de novo Defendant's statute of limitations defense." *Id.*

{3} In order to fully explore the statute of limitations issue in the present case, we first trace the evolution of the current statute of limitations for first degree felonies. As we have explained, the charges span a period from 1978 through 1985. In 1978, the statute of limitations for first degree felonies was ten years. NMSA 1953, § 40A–1–8(B) (Vol.6, 2d Repl.). In 1979, the Legislature increased the limitations period to fifteen years. NMSA 1978, § 30–1–8(B) (1979, prior to amendments through 2005). And finally, in 1997, the Legislature completely abolished the statute of limitations for first degree felonies. Section 30–1–8(G). Additionally, in 1987, the Legislature passed NMSA 1978, § 30–1–9.1 (1987), which tolled the statute of limitations for the crimes of abandonment or abuse of a child, criminal sexual penetration of a minor, and criminal sexual contact of a

minor. According to the statute, the limitations period is tolled "until the victim attains the age of eighteen or the violation is reported to a law enforcement agency, whichever occurs first." *Id.* Defendant argues, and the State concedes, that this tolling provision does not apply to the present case. We agree that the tolling provision is not at issue because it "is only applicable to crimes committed on or after June 19, 1987." *Kerby,* 2007–NMSC–014, ¶ 21, 141 N.M. 413, 156 P.3d 704; *see* § 30–1–9.1 note (applicability).

■ {4} Defendant's position is that the 1997 amendment, effective July 1, 1997, cannot be retroactively applied to allow prosecution of charges for acts that allegedly occurred between 1978 and 1985. We first determine the dispositive question of whether retroactive application of the 1997 amendment violates the constitutional Ex Post Facto Clause; we then turn to consider whether the Legislature intended for the 1997 amendment to apply retroactively. *See People v. Russo,* 439 Mich. 584, 487 N.W.2d 698, 701–02 (1992); Thomas G. Burroughs, Note, *Retroactive Application of Legislatively Enlarged Statutes of Limitations for Child Abuse: Time's No Bar to Revival,* 22 Ind. L.Rev. 989, 998 (1989).

## A. Ex Post Facto

■ {5} Article I, Section 10 of the United States Constitution prohibits states from passing ex post facto laws. " '[E]x post facto' implicates in its literal meaning any law passed after the fact" and, generally, "the constitutional prohibition . . . applies only to penal statutes which disadvantage the offender affected by them." *State v. Druktenis,* 2004–NMCA–032, ¶ 26, 135 N.M. 223, 86 P.3d 1050 (second alteration in original) (internal quotation marks and citation omitted). Defendant contends that retroactive application of the 1997 amendment violates ex post facto principles because "it was not in effect at the time the alleged acts were committed." A review of cases regarding amendments to statutes of limitations reveals that Defendant's reading of the Ex Post Facto Clause of the Constitution is too narrow.

{6} In *Stogner v. California,* 539 U.S. 607, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003), the United States Supreme Court considered the constitutional implications of a California law that was altered to permit the prosecution of crimes for which the statutes of limitations had long expired. *Id.* at 610, 123 S.Ct. 2446. The *Stogner* Court concluded that the amendment would allow the California legislature to "inflict punishments, where the party was not, by law, liable to any punishment." *Id.* at 613, 123 S.Ct. 2446 (emphasis omitted) (alteration omitted). After considering other holdings on the issue from many state and federal courts, the *Stogner* Court held "that a law enacted after expiration of a previously applicable limitations period violates the Ex Post Facto Clause when it is applied to revive a previously time-barred prosecution." *Id.* at 617–19, 632–33, 123 S.Ct. 2446 (emphasis omitted); *see also* 3A Norman J. Singer, *Statutes and Statutory Construction* § 72:3, at 711–12 (6th ed. 2003) ("[A] legislative act cannot revive a cause of action which was barred by a statute of limitations prior to the effective date of the new or amended act."). As a result of this holding and construction of the ex post facto provision, the State in the present case concedes that Defendant cannot be prosecuted for acts that occurred between 1978 and July 1, 1982, because the fifteen-year limitation period for those acts had expired by the time the 1997 amendment was effective. We agree with the State—and Defendant—that ex post facto principles prevent the prosecution of acts committed prior to July 1, 1982.

{7} For offenses that happened after July 1, 1982, however, the fifteen-year period had not yet expired when the 1997 amendment became effective. The State thus continues to argue that the 1997 amendment can be applied to any offense that the State can prove occurred after July 1, 1982. The United States Supreme Court has not directly addressed the matter of legislative extensions of unexpired statutes of limitations. *See id.* at 616–18, 123 S.Ct. 2446. Despite this lack of direct guidance, "[t]he *Stogner* Court acknowledged that 1) statutes extending unexpired limitations periods do not violate the Ex Post Facto Clause, and 2) laws that extend limitations periods for prosecutions not yet time-barred are valid." Angelo

L. Rosa, *Litigating Adult Claims of Childhood Sexual Abuse*, L.A. Law., Sept. 30, 2007, at 12, 16 (2007); *see Stogner*, 539 U.S. at 618, 123 S.Ct. 2446 (noting that the holding of that case did not affect "extensions of *unexpired* statutes of limitations").

{8} Looking to other courts, the Supreme Court of Michigan has explained that "[w]ell-settled principles require the conclusion that applying the extended statute of limitations to the then-not-yet-time-barred alleged sexual assaults is not ex post facto." *Russo*, 487 N.W.2d at 701. The *Russo* court continued and pointed out that

> [t]he [crimes] were not innocent when committed, the quantum of punishment is unchanged, and the defendant has not been deprived of any defense available to him at the time the acts were committed ... or at the time the amendment became effective.

*Id.* at 701–02. The same is true for Defendant—his acts were not legal when they were committed, he is subject to no greater punishment as a result of the 1997 amendment than he would have been had he been charged earlier, and the statute of limitations defense was not yet available in 1997 for any crimes committed after July 1, 1982. We therefore conclude that prosecution for the acts committed after July 1, 1982 would not violate the Ex Post Facto Clause of the United States Constitution.

**B. Legislative Intent**

■ {9} Despite our conclusion that prosecution of the crimes committed after July 1, 1982 is not constitutionally barred, our analysis continues because we must also consider whether the Legislature intended for the 1997 amendment to have retroactive effect. *See State v. Perea*, 2001–NMSC–026, ¶ 4, 130 N.M. 732, 31 P.3d 1006; *see also* 3A Singer, *supra*, at 703 ("[T]he Court's objective in construing the statute of limitations is to give effect to the [L]egislature's intent."). Our Supreme Court has defined "retroactive application" in the following manner:

> As applied to statutes the words 'retroactive' and 'retrospective' may be regarded as synonymous and may broadly be defined as having reference to a state of things existing before the act in question.

> A retrospective law may be defined more specifically as one which is made to affect acts or transactions occurring before it came into effect, or rights already accrued, and which imparts to them characteristics, or ascribes to them effects, which were not inherent in their nature in the contemplation of the law as it stood at the time of their occurrence.

*Wilson v. N.M. Lumber & Timber Co.*, 42 N.M. 438, 440, 81 P.2d 61, 62 (1938) (internal quotation marks and citation omitted. The *Wilson* Court went on to explain that "statutes, except those dealing with remedial procedure, are to be construed as prospective rather than retrospective unless there is a clear legislative intention to the contrary." *Wilson*, 42 N.M. at 440, 81 P.2d at 62); *see State v. Padilla*, 78 N.M. 702, 703, 437 P.2d 163, 164 (Ct.App.1968) (applying the *Wilson* rule in the criminal context).

{10} The State argues that we should not apply a presumption of prospective application because courts from other jurisdictions have concluded that statutes of limitations are procedural devices. *See Russo*, 487 N.W.2d at 702; *State v. Lusk*, 2001 UT 102, ¶¶ 27–28, 37 P.3d 1103; *see also State v. Garcia*, 285 Kan. 1, 169 P.3d 1069, 1075 (2007); *State v. Johnson*, 514 N.W.2d 551, 555 n. 7 (Minn.1994); *State v. Crooks*, 2003–Ohio–1546, 152 Ohio App.3d 294, 787 N.E.2d 678, at ¶ 12. This argument disregards the holding of our own Supreme Court in *Kerby* that "the statute of limitations is a substantive right." 2007–NMSC–014, ¶ 18, 141 N.M. 413, 156 P.3d 704; *see also People v. Linder*, 139 Cal.App.4th 75, 42 Cal.Rptr.3d 496, 502 n. 5 (Ct.App.2006); *State v. Shamy*, 759 So.2d 728, 730 (Fla.Dist.Ct.App.2000).

■ {11} The State next contends that the Legislature's explicit prospective application of the tolling provision, Section 30–1–9.1, shows that "the Legislature knows how to say so when it intends limited application for a statute" (internal quotation marks omitted). We cannot agree because "[a] statute or rule operates prospectively only unless the statute or rule expressly provides otherwise or its context requires that it operate retrospectively." NMSA 1978, § 12–2A–8 (1997). In addition, we observe that "criminal statutes

of limitations are to be liberally construed in favor of a defendant because their purpose is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the [L]egislature has decided to punish by criminal sanctions." *Kerby*, 2007–NMSC–014, ¶ 13, 141 N.M. 413, 156 P.3d 704 (internal quotation marks and citation omitted).

{12} The State also argues that the Legislature's consistent expansion of the statute of limitations for first degree felonies over the years demonstrates that the Legislature "believes it is important, as a matter of public policy, to prosecute such serious offenses— no matter how long ago they might have occurred." While we agree that over the years the Legislature intended to expand the time within which defendants could be prosecuted for first degree felonies, the State has not demonstrated how the mere passage of legislation, without more, indicates any "clear legislative intent[ ]" to apply those expansive policies retroactively. *See Wilson*, 42 N.M. at 440, 81 P.2d at 62.

{13} We recognize that Defendant has been charged with terrible crimes against a child which, if proven, would carry serious consequences. *See* David Viens, Note, *Countdown to Injustice: The Irrational Application of Criminal Statutes of Limitations to Sexual Offenses Against Children,* 38 Suffolk U.L.Rev. 169, 169 (2004) (discussing "myriad of dysfunctions" arising from sexual abuse of children); *see also* NMSA 1978, § 31–18–15(A)(3) (2007) (imposing a basic sentence of 18 years imprisonment for a first degree felony). The seriousness of the charges does not, however, provide any legal basis on which to evaluate whether the Leg-islature's elimination of the statute of limitations should be applied retroactively. Instead, we rely on established principles of statutory construction embraced by our courts and our Legislature. The State insists that because the Legislature did not explicitly state that the 1997 amendment should be applied prospectively, we must read the statute to retroactively abolish the statute of limitations for all of Defendant's alleged crimes. New Mexico applies the opposite presumption—statutes operate *prospectively* unless the Legislature clearly indicates otherwise. *See* § 12–2A–8. The State has not demonstrated clear legislative intent for the retroactive application of the 1997 amendment. Accordingly, we conclude that the Legislature intended for the 1997 amendment to apply prospectively.

## II. CONCLUSION

{14} We conclude that the 1997 amendment applies prospectively and that the State is therefore barred from prosecuting Defendant on all charges. We reverse the trial court and remand for entry of an order consistent with this opinion.

{15} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and RODERICK T. KENNEDY, Judges.