**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMSC-026**

**Filing Date: June 4, 2010**

**Docket No. 31,360**

**STATE OF NEW MEXICO**,

        **Plaintiff-Petitioner,**

**v.**

**NICHOLAS MORALES**,

        **Defendant-Respondent.**

**ORIGINAL PROCEEDING ON CERTIORARI**
**Kevin R. Sweazea, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Petitioner

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Respondent

**OPINION**

**MAES, Justice.**

**{1}** The dispositive issue in this appeal is whether a statutory amendment to NMSA 1978, Section 30-1-8 (1963, as amended through 2005), which abolished the fifteen-year statute of limitations for all capital felonies and first-degree violent felonies, applies to crimes committed before its effective date of July 1, 1997. *See* 1997 N.M. Laws, ch. 157, § 1 (hereinafter referred to as the 1997 amendment). Although the extension of a statute of limitations cannot revive a previously time-barred prosecution, *Stogner v. California*, 539 U.S. 607 (2003), we conclude that it can extend an unexpired limitation period because such

1

extension does not impair vested rights acquired under prior law, require new obligations, impose new duties, or affix new disabilities to past transactions. Because capital felonies and first-degree violent felonies committed after July 1, 1982, were not time-barred as of the effective date of the 1997 amendment, we hold that the Legislature intended the 1997 amendment to apply to these crimes. Accordingly, we reverse the judgment of the Court of Appeals and remand this case for further proceedings.

## I.    FACTS AND PROCEDURAL HISTORY

**{2}**    On July 11, 2005, Nicholas Morales (Defendant) was charged by criminal information with five counts of aggravated criminal sexual penetration on a child less than thirteen years of age contrary to NMSA 1978, Section 30-9-11(C)(1) (1975, prior to 1987 amendment), which is classified as a first-degree felony. The charges were based on conduct that occurred "on or between the [first] day of January, 1978, and the [thirtieth] day of December, 1985." Defendant moved to dismiss the information on the basis of the statute of limitations in effect at the time that the crimes had been committed. Defendant claimed that the ten-year statute of limitations in effect during 1978 and 1979, and the fifteen-year statute of limitations in effect between 1980 and 1982, had expired prior to the effective date of the 1997 amendment and, therefore, the charges based on this conduct must be dismissed. Defendant further argued that the remaining charges must be dismissed because the Legislature had not intended for the 1997 amendment abolishing the statute of limitations to apply retroactively to crimes committed before its effective date. Alternatively, Defendant argued that retroactive application of the 1997 amendment violates Article II, Section 19 of the New Mexico Constitution, which prohibits ex post facto laws.

**{3}**    The trial court denied Defendant's motion to dismiss concluding, in relevant part, that

a.    The New Mexico State Legislature extended the controlling statute of limitations on *all* alleged offenses by a series of amendments;
b.    The legislative amendments/extensions occurred in every instance *before* the statute of limitations expired for the Defendant's alleged criminal conduct;
c.    Such amendments do not constitute an *Ex Post Facto Law* under either the Federal or New Mexico Constitution.

(Footnote omitted.) However, the trial court recognized that its conclusion "involve[d] a controlling question of law as to which there is substantial ground for difference of opinion" and that "[a]n immediate appeal . . . may materially advance the ultimate termination of the litigation, as well as [provide] guidance to other courts and districts around the state." Accordingly, the trial court certified the issue for interlocutory review pursuant to NMSA 1978, Section 39-3-3(A)(3) (1972).

**{4}**    The Court of Appeals reversed the judgment of the trial court. *State v. Morales*,

2

2008-NMCA-155, ¶ 14, 145 N.M. 259, 196 P.3d 490. The Court held that the ex post facto clause of the United States Constitution prevented Defendant from being "prosecuted for acts that occurred between 1978 and July 1, 1982, because the fifteen-year limitation period for those acts had expired by the time the 1997 amendment was effective." *Id.* ¶ 6 (citing *Stogner*, 539 U.S. at 617-19, 632-33). The Court noted that, although the ex post facto clause does not bar the prosecution of crimes committed *after* July 1, 1982, the presumption is that the Legislature intended the 1997 amendment to operate prospectively, absent clear legislative intent to the contrary. *Id.* ¶¶ 7-8, 13. Because the State had failed to "demonstrate[] clear legislative intent for the retroactive application of the 1997 amendment," the Court determined that "the State is . . . barred from prosecuting Defendant on all charges." *Id.* ¶¶ 13, 14.

**{5}** We granted the State's petition for writ of certiorari pursuant to NMSA 1978, Section 34-5-14(B) (1972) and Rule 12-502 NMRA to determine "[w]hether the Court of Appeals erred in holding that the 1997 elimination of the statute of limitations did not apply to first-degree-felony charges on which the prior statute of limitations had not yet expired." *State v. Morales*, 2008-NMCERT-011, 145 N.M. 532, 202 P.3d 125.

## II.   DISCUSSION

### A.   Whether the Legislature Intended the 1997 Amendment to Apply to Unexpired Crimes Committed Before Its Effective Date

**{6}** The sole question presented in this appeal is whether the Legislature intended the 1997 amendment to abolish the statute of limitations applicable to capital felonies and first-degree violent felonies for which the limitations period had not yet expired as of the amendment's effective date of July 1, 1997. Thus, we are presented with an issue of statutory construction, which we review de novo. *State v. Nozie*, 2009-NMSC-018, ¶ 28, 146 N.M. 142, 207 P.3d 1119.

> Our primary goal is to ascertain and give effect to the intent of the Legislature. In doing so, we examine the plain language of the statute as well as the context in which it was promulgated, including the history of the statute and the object and purpose the Legislature sought to accomplish. We must take care to avoid adoption of a construction that would render the statute's application absurd or unreasonable or lead to injustice or contradiction.

*State v. Nick R.*, 2009-NMSC-050, ¶ 11, 147 N.M. 182, 218 P.3d 868 (internal quotation marks and citations omitted).

**{7}** Section 30-1-8, in its original form, imposed a ten-year statute of limitations on all capital felonies and first-degree felonies. 1963 N.M. Laws, ch. 303, §§ 1-8. In 1979, the Legislature extended the limitation period from ten years to fifteen years. 1979 N.M. Laws,

3

ch. 5, § 1. In 1997, the Legislature abolished the limitation period entirely, effective July 1, 1997. 1997 N.M. Laws, ch. 157, §§ 1, 2. Accordingly, Section 30-1-8(H) provides that "for a capital felony or a first degree violent felony, no limitation period shall exist and prosecution for these crimes may commence at any time after the occurrence of the crime."

{8}     The language of the 1997 amendment does not indicate whether the Legislature intended the statute to apply to crimes committed before its effective date. *Cf. State v. Kerby*, 2005-NMCA-106, ¶ 37, 138 N.M. 232, 118 P.3d 740 (holding that NMSA 1978, Section 30-1-9.1 (1987), which tolled the statute of limitations for sexual offenses against children, "applies only to crimes committed after its effective date" in light of the plain language of the statute). "Where legislative guidance is absent, New Mexico cases have resorted to judicially created presumptions in order to determine how a statute should be applied." *Grygorwicz v. Trujillo*, 2006-NMCA-089, ¶ 10, 140 N.M. 129, 140 P.3d 550. "Generally, a statute is applied prospectively unless the legislature has made clear its intention to apply it retroactively." *State v. Perea*, 2001-NMSC-026, ¶ 4, 130 N.M. 732, 31 P.3d 1006; *see also* NMSA 1978, § 12-2A-8 (1997) ("A statute or rule operates prospectively only unless the statute or rule expressly provides otherwise or its context requires that it operate retrospectively.").

{9}     "Although the presumption of prospectivity appears straightforward, confusion often arises as to what retroactivity means in particular contexts." *Gadsden Fed'n of Teachers v. Bd. of Educ.*, 1996-NMCA-069, ¶ 14, 122 N.M. 98, 920 P.2d 1052.

> A statute or regulation is considered retroactive if it impairs vested rights acquired under prior law or requires new obligations, imposes new duties, or affixes new disabilities to past transactions. However, a statute does not operate retroactively merely because some of the facts or conditions which are relied upon existed prior to the enactment.

*Howell v. Heim*, 118 N.M. 500, 506, 882 P.2d 541, 547 (1994) (internal quotation marks and citations omitted); *but see Coleman v. United Eng'rs & Constructors, Inc.*, 118 N.M. 47, 52, 878 P.2d 996, 1001 (1994) ("A retroactive law affects acts, transactions, or occurrences that happened before the law came into effect."). Thus, to determine whether a statutory amendment is retroactive

> the court must ask whether the new provision attaches new legal consequences to events completed before its enactment. The conclusion that a particular rule operates "retroactively" comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event. . . . [F]amiliar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance.

*Landgraf v. USI Film Prods.*, 511 U.S. 244, 269-70 (1994).

4

**{10}**  Criminal statutes of limitation "represent legislative assessments of relative interests of the State and the defendant in administering and receiving justice; they are made for the repose of society and the protection of those who may (during the limitation) . . . have lost their means of defence." *United States v. Marion*, 404 U.S. 307, 323 (1971) (internal quotation marks and citation omitted).  However, such statutes are

> measures of public policy only.  They are entirely subject to the will of the Legislature, and may be changed or repealed altogether in any case where a right to acquittal has not been absolutely acquired by the completion of the [original] period of limitation.  Such a statute is an act of grace in criminal prosecutions.  The State makes no contract with criminals at the time of the passage of acts of limitations that they shall have immunity from punishment if not prosecuted within the statutory period.

*People v. Isaacs*, 226 N.E.2d 38, 51-52 (Ill. 1967) (internal quotation marks and citation omitted).  Thus, a criminal defendant "has no legitimate expectancy interest in the application of [the original unexpired] limitation period." *State v. Skakel*, 888 A.2d 985, 1022 (Conn. 2006).

**{11}**  Because a defendant does not have a vested interest in an unexpired statute of limitation, a legislative amendment extending or abolishing the limitation period does not impair vested rights, require new obligations, impose new duties, or affix new disabilities to past transactions.  As the Court of Appeals correctly observed, Defendant's

> acts were not legal when they were committed, he is subject to no greater punishment as a result of the 1997 amendment than he would have been had he been charged earlier, and the statute of limitations defense was not yet available in 1997 for any crimes committed after July 1, 1982.

*Morales*, 2008-NMCA-155, ¶ 8.  Stated simply, the 1997 amendment is not retroactive in nature because it "bar[s] only prospective prosecutions." *State v. Schultzen*, 522 N.W.2d 833, 835 (Iowa 1994).  Because the information in this case was filed in 2005, eight years after the effective date of the 1997 amendment, we conclude that the first-degree violent felonies committed by Defendant between July 2, 1982 and December 30, 1985, are not time-barred.

**{12}**  Our conclusion is supported by New Mexico case law holding that, in the civil context, statutory amendments to unexpired statutes of limitation generally are not "retroactive because [they do] not apply to any vested or substantive right." *Grygorwicz*, 2006-NMCA-089, ¶ 21.  In *Grygorwicz*, the Court of Appeals held that a statutory amendment to NMSA 1978, Section 37-1-30 (1995), which extended the limitation period for filing a personal injury action based on childhood sexual abuse, applied to the plaintiff's case because the amendment was enacted before the original limitation period had expired and before the plaintiff's action had been filed. *Grygorwicz*, 2006-NMCA-089, ¶ 21.  The

5

Court noted that, under New Mexico law, amended statutes of limitation generally "apply to actions filed after their effective dates even if the events giving rise to the actions occurred prior to their effective dates." *Id.* ¶ 11; *see Wall v. Gillet*, 61 N.M. 256, 257, 298 P.2d 939, 940 (1956) (noting that "general limitation statutes, which deal only with remedial procedure," apply to actions filed before their effective date); *Wilson v. N.M. Lumber & Timber Co.*, 42 N.M. 438, 441, 81 P.2d 61, 63 (1938) ("[I]t is entirely settled that, until the period fixed by such a statute has arrived, the statute is a mere regulation of the limitation, and, like other such regulations, subject to legislative control." (internal quotation marks and citation omitted)).  Unless a civil statute of limitation is "specifically tied to a statutory right of action or unless a contrary legislative intent is expressed, the statute of limitations in effect at the time an action is filed governs the timeliness of the claim." *Grygorwicz*, 2006-NMCA-089, ¶ 16 (internal quotation marks and citation omitted).

**{13}**     We recognize that criminal statutes of limitation, unlike civil statutes of limitation, are "to be liberally construed in favor of a defendant because their purpose 'is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions.'" *State v. Kerby*, 2007-NMSC-014, ¶ 13, 141 N.M. 413, 156 P.3d 704 (quoting *Toussie v. United States*, 397 U.S. 112, 114 (1970)).  However, the rule of liberal construction "is only one factor influencing interpretation of punitive legislation, and it should not be used to defeat the policy and purposes of a statute." *State v. Ogden*, 118 N.M. 234, 242, 880 P.2d 845, 853 (1994).  "Instead, the language of penal statutes should be given a reasonable or common sense construction consonant with the objects of the legislation, and the evils sought to be overcome should be given special attention." *Id.* at 243, 880 P.2d at 854.  Likewise, the rule of lenity, which counsels "that criminal statutes should be interpreted in the defendant's favor when insurmountable ambiguity persists regarding the intended scope of a criminal statute," may not be applied to defeat the apparent intent of the Legislature, as manifested by "the language and structure, legislative history, and motivating policies of [a] statute." *Id.* at 242, 880 P.2d at 853 (internal quotation marks and citation omitted).

**{14}**     The language and history of the 1997 amendment plainly manifest the Legislature's intent to ensure that the most serious crimes, i.e., capital felonies and first-degree violent felonies, do not escape prosecution based on a mere lapse of time between the commission of the offense and the commencement of prosecution.  Given the object and purpose of the 1997 amendment,

> we can conceive of no logical reason why the legislature would not have intended for [the] new limitation period to apply to *all* offenses that were not previously time barred under the original provision.  Put differently, it is unreasonable to presume that the legislature would have intended that the exact same crimes shall be subject to different limitation periods merely because of the fortuity that one defendant committed the crime the day *before* the enactment of the amendment to the limitation period while another defendant committed the identical crime the day *after* the enactment of that

6

amendment.

*Skakel*, 888 A.2d at 1024.

**{15}** We note that the vast majority of jurisdictions that have considered the question before us likewise have held that statutory amendments to unexpired statutes of limitation do not affect vested substantive rights and, therefore, apply to criminal conduct committed before the amendment's effective date. *See, e.g.*, *State v. Gum*, 153 P.3d 418, 425 (Ariz. Ct. App. 2007) (holding that an amended statute of limitation applied to criminal conduct committed before the amendment's effective date because the statute did not disturb vested substantive rights); *Schultzen*, 522 N.W.2d at 835 (holding that "applying the extended statute of limitations was not retroactive because the statute barred only prospective prosecutions"); *State v. Hirsch*, 511 N.W.2d 69, 78 (Neb. 1994) ("[B]ecause the extension of a statute of limitations to offenses not barred by a previous period of limitations does not affect a defendant's existing rights or defenses, the application of the extended statute to existing causes of action is not a retroactive law."); *State v. Dufort*, 827 P.2d 192, 194 (Or. App. 1992) ("We conclude that it is consistent with the purpose of this legislative change, and with the pertinent case authority, to conclude that the amended Statute of Limitations is not retroactive legislation and that it applies to incidents of sexual abuse that had not yet been barred under the previous statute."); *Commonwealth v. Johnson*, 553 A.2d 897, 900 (Pa. 1989) ("There is nothing 'retroactive' about the application of an extension of a statute of limitations, so long as the original statutory period has not yet expired." (internal quotation marks and citation omitted)); *State v. Lusk*, 37 P.3d 1103, 1109 (Utah 2001) ("We hold that a statutory amendment enlarging a statute of limitations will extend the limitations period applicable to a crime already committed only if the amendment becomes effective before the previously applicable statute of limitations has run, thereby barring prosecution of the crime."); *State v. Hodgson*, 740 P.2d 848, 851 (Wash. 1987) (en banc) ("[W]here a statute extends a period of limitation, or provides for the tolling thereof, it applies to offenses not barred at the effective date of the act, so that a prosecution may be commenced at any time within the newly established limitation period although the original limitation had by then expired."); *but see State v. Merolla*, 686 P.2d 244, 246 (Nev. 1984) ("[A]n amendment to a criminal statute of limitations, silent on the question of its retroactive application, must be construed as prospective only and cannot apply to an offense committed before its effective date.").

**{16}** Despite the overwhelming weight of authority, Defendant argues that pursuant to *Kerby*, the "statute of limitations is a substantive right." 2007-NMSC-014, ¶ 18. We conclude that *Kerby* is distinguishable from this case. In *Kerby*, the defendant was convicted of three counts of criminal sexual contact of a minor in violation of NMSA 1978, Section 30-9-13(A)(1) (2001, prior to 2003 amendment). 2007-NMSC-014, ¶ 1. Each of the three counts was barred by the applicable statute of limitations, but this defense was not raised at trial because defense counsel had failed to recognize the issue. *Id.* ¶ 3. This Court adopted "the waiver approach and [held] that the statute of limitations is a substantive right that may only be waived by a defendant after consultation with counsel, and only if the waiver is

knowing, intelligent, and voluntary." *Id.* ¶ 18.  Because the defendant "did not waive the statute of limitations defense and because [the defendant] would not have been convicted had the issue been raised," this Court vacated the defendant's convictions. *Id.* ¶ 24.

**{17}**   In *Kerby*, the applicable statute of limitations had expired and, therefore, the defendant's right to be free from criminal prosecution had fully vested.  Under these circumstances, the statute of limitations defense is a substantive right and subsequent statutory amendments cannot be "applied to revive [the] previously time-barred prosecution." *Stogner*, 539 U.S. at 633.  By contrast, in this case, the statute of limitations governing Defendant's conduct after July 1, 1982 had not expired prior to the effective date of the 1997 amendment and, therefore, Defendant was not, at any time, free from prosecution.  Thus, Defendant did not have a vested or substantive right in the original limitations period and application of the 1997 amendment is not retroactive.

**{18}**   We conclude that the crimes committed by Defendant after July 1, 1982 are not time-barred under Section 30-1-8(H).  In this case, we are not presented with the question of whether the prosecution of these crimes may be barred by the due process clause of the United States Constitution.  "While the statutes of limitation provide the primary protection against delay-induced prejudice . . . the United States Supreme Court has held that the due process clause of the fifth amendment provides additional, albeit limited, protection against improper preaccusation delay." *Gonzales v. State*, 111 N.M. 363, 364, 805 P.2d 630, 631 (1991) (citing *United States v. Lovasco*, 431 U.S. 783 (1977)).  To establish improper preaccusation delay, the defendant must prove "prejudice and an intentional delay by the state to gain a tactical advantage." *Id.* at 365, 805 P.2d at 632.  Nothing in this opinion should be construed to preclude Defendant from raising a due process claim of improper preaccusation delay on remand.

**B.     Scope of Our Grant of Certiorari**

**{19}**   Defendant claims, in his answer brief, that application of the 1997 amendment to unexpired criminal conduct violates the ex post facto clauses of the United States and New Mexico Constitutions. *See* U.S. Const. art. I, § 10; N.M. Const. art. II, § 19.  However, our grant of certiorari is limited to the question of legislative intent, namely, whether the Legislature intended the 1997 amendment to apply to unexpired crimes committed before its effective date.  Defendant did not seek and, therefore, we did not grant certiorari review of the Court of Appeals' holding regarding the ex post facto clauses of the United States and New Mexico Constitutions. *See* Rule 12-502(F) (permitting any party to file a conditional cross-petition for certiorari, "to be considered only if the Court grants the petition [for writ of certiorari]").  "Under the appellate rules, it is improper for this Court to consider any questions except those set forth in the petition for certiorari." *State v. Sewell*, 2009-NMSC-033, ¶ 14, 146 N.M. 428, 211 P.3d 885 (quoting *Fikes v. Furst*, 2003-NMSC-033, ¶¶ 8-9, 134 N.M. 602, 81 P.3d 545); *see also* Rule 12-502(C)(2)(b) (noting parenthetically that "the Court will consider only the questions set forth in the petition"); *but see State v. Javier M.*, 2001-NMSC-030, ¶ 10, 131 N.M. 1, 33 P.3d 1 (holding

8

that the Court may review "a foundational issue which is integral to a complete and thorough analysis of the specific question presented in the petition for writ of certiorari"). We therefore decline to review the merits of Defendant's constitutional claim.

## III. CONCLUSION

{20} We conclude that the 1997 amendment, which abolished the statute of limitations for all capital felonies and first-degree violent felonies, applies to unexpired criminal conduct committed before the amendment's effective date of July 1, 1997. Because the crimes committed by Defendant after July 1, 1982 were not time-barred as of July 1, 1997, we hold that the 1997 amendment applies to this case. Accordingly, we reverse the judgment of the Court of Appeals and remand for further proceedings.

{21} **IT IS SO ORDERED.**

_____
**PETRA JIMENEZ MAES, Justice**

**WE CONCUR:**

_____
**CHARLES W. DANIELS, Chief Justice**

_____
**PATRICIO M. SERNA, Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

**Topic Index for _State v. Morales_, Docket No. 31,360**

| **CT** | **CONSTITUTIONAL LAW** |
| CT-EX | Ex Post Facto |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-CP | Criminal Sexual Penetration |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-SL | Statute of Limitations |
| | |
| **ST** | **STATUTES** |

| ST-IP | Interpretation |
| ST-LI | Legislative Intent |
| ST-RE | Retroactivity |