This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JACINTO LOPEZ,**

Plaintiff-Appellant,

v.                                                                    NO.   31,347

**MUNICIPAL COUNCIL and MAYOR**
**OF THE CITY OF ARTESIA, NEW MEXICO,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler-Gray, District Judge**

Ramon I. Garcia
Roswell, NM

for Appellant

Montgomery & Andrews, PA
Stephen S. Hamilton
Jaime R. Kennedy
Santa Fe, NM

McCormick, Caraway, Tabor & Byers, L.L.P.
John M. Caraway
Carlsbad, NM

for Appellees

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

The City of Artesia (the City) resolved that Plaintiff Jacinto Lopez's property at 911 West Dallas, Artesia, New Mexico, should be condemned as a public menace. Pursuant to Artesia, N.M., City Code § 5-5-4 (2004), Lopez sought de novo review of the City's resolution in district court. The court affirmed the condemnation. Lopez now argues that the ordinance exceeds the authority granted to the City by NMSA 1978, Section 3-18-5 (1977), that the ordinance was improperly applied retroactively, that the district court's ruling was not supported by substantial evidence, and that his request for a jury trial was improperly denied. We agree that Ordinance 5-5-4 exceeds the municipality's authority by imposing a clearly erroneous standard of review on the district court. Because the district court held a de novo trial but then applied the incorrect standard, we remand for the district court to enter its findings of facts and render judgment based on those findings.

## I.    BACKGROUND

In 2004 the City adopted Ordinances 5-5-1 through 5-5-5 relating to dangerous buildings and premises. Under certain circumstances, these ordinances allowed the City Council to determine by resolution that a property was a menace to the public. Within ten days of service of such a resolution upon the property owner, the owner

is required to either begin removing the "building, structure, ruins, rubbish, wreckage or debris" that created the menace, or to request a hearing before the City Council. The ordinances also provide that an adverse City Council decision may be appealed de novo to the district court.

Lopez purchased the property at 911 West Dallas in Artesia over twenty years ago. For several years, he lived and practiced medicine in the building. In 1985 or 1986, Lopez moved to California. During the time when he resided in California, the building was vacant. Lopez returned about once a year to maintain the building, usually in response to a notice from the City requesting that he remove weeds from the property.

On June 22, 2010, the City notified Lopez that it was contemplating condemnation of Lopez's building. The letter identified Sections 5-5-1 through 5-5-5 of the City of Artesia's Municipal Code as authority for the condemnation. On August 10, 2010, the City passed a resolution finding that Lopez's property "is damaged and dilapidated or covered with ruins, rubbish, wreckage, debris or weeds to the extent that it is a menace to the public comfort, health, peace and safety." The City again identified Sections 5-5-1 through 5-5-5 as authority for the resolution. After Lopez objected, a hearing was held, and the City Council determined that the resolution should be enforced.

Lopez appealed to the district court. A de novo trial was held at which exhibits were entered into evidence and witnesses were examined. At the conclusion of this trial, the district court orally observed that, according to the evidence presented, Lopez's property was dilapidated and the City Council's action of condemnation was appropriate. However, the written judgment entered by the court made no such findings. Instead, it concluded that the City's ruling was not clearly erroneous. It is from this judgment that Lopez now appeals.

## II.   DISCUSSION

Lopez argues that Building Code Section 117.1 was improperly applied against him retroactively, that the district court's ruling was not supported by substantial evidence, that Ordinance 5-5-4 exceeds the authority granted to the City by Section 3-18-5, and that his request for a jury trial was improperly denied. In order to clarify the standard of review applicable to this proceeding, we begin with Lopez's argument that the city ordinances exceed the authority granted by Section 3-18-5.

## A.   Standard of Review

Lopez argues that Ordinance 5-5-4 exceeds the authority granted to municipalities by Section 3-18-5 because the ordinance imposes a higher standard of proof on his appeal to the district court than the standard of appeal under Section 3-18-5. The City contends that this argument is irrelevant because the district court did

5

not apply the standard from Ordinance 5-5-4, but instead conducted a de novo trial on the merits. The City also argues that Lopez failed to preserve this argument and that the Ordinance does not exceed the City's authority under Section 3-18-5.

Pursuant to NMSA 1978, Section 3-17-1 (1993), municipalities may enact ordinances to provide for the health and safety of their inhabitants so long as the ordinances do not conflict with the laws of the State of New Mexico. The City enacted an ordinance allowing it to condemn buildings that, in its judgment, were a menace to the public comfort, health, peace, or safety. Artesia, N.M., City Code § 5-5-1 (2004). A separate ordinance provided for review by the district court:

> Any person aggrieved by the determination of the city council may appeal to the district court . . . . The district court shall hear the matter de novo and enter judgment in accordance with its findings. The burden of persuasion shall be upon the party taking the appeal to show that the decision of the city council is clearly erroneous.

Artesia, N.M., City Code § 5-5-4. Both of these ordinances closely follow the language of Section 3-18-5. However, Ordinance 5-5-4 departs from the language of Section 3-18-5(E) by adding a final sentence purporting to impose a "clearly erroneous" standard of review on the district court.

Administrative decisions are subject to two categories of review in the district courts. In most cases the review is deferential, looking to the whole record to determine "whether the agency acted arbitrarily or capriciously, whether the agency

6

decision was supported by substantial evidence, and whether the agency acted within the scope of its authority." *See Clayton v. Farmington City Council*, 120 N.M. 448, 453, 902 P.2d 1051, 1056 (Ct. App. 1995); *see also* NMSA 1978, § 39-3-1.1 (1999); Rule 1-074(R) NMRA. In whole record review cases, this Court applies the same standard of review as the district court. However, this process does not apply "when the statute controlling appeal [allows] some form of *de novo* review" by the district court. *Clayton*, 120 N.M. at 453, 902 P.2d at 1056.

*Clayton* identified two factors which must be present in order to conclude that a statute allows de novo review of administrative decisions. *Id.* First, the statute must "contemplate[] additional evidentiary presentation beyond the record created in front of the administrative agency." *Id.* Second, the statute must "allow[] the district court more discretion in its judgment than simply reversal of the agency's decision and remand for further proceedings." *Id.* Review by trial de novo means that the initial reviewing court—generally, the district court—"considers the issues presented on its own, not bound, controlled or necessarily influenced, in any way by the action of the inferior tribunal." *Id.* at 454, 902 P.2d at 1057 (internal quotation marks and citation omitted).

The *Clayton* Court applied these rules to analyze NMSA 1978, Section 3-19-8 (1965) (amended 1999). Regarding the first requirement, the Court concluded that the

7

provision that the trial shall be "de novo and shall be governed by the rules of civil procedure of the district court" allowed or required "an entirely new evidentiary inquiry." *Clayton*, 120 N.M. at 454, 902 P.2d at 1057. The parties also agreed that the district court was required to accept new evidence and, in light of the "de novo" language in the statute, the court accepted this contention. *Id.* at 455, 902 P.2d at 1058. As to the second requirement, the statutory language implied that the remedy could be broader than mere reversal. Although the statute discussed actions "to vacate and set aside" the agency's order, it also contemplated the district court granting relief "by injunction, mandamus or any other extraordinary remedy." *Id.* at 454, 902 P.2d at 1057. *Clayton* concluded that the district court was required to exercise its own judgment based on the agency ruling and the evidence presented at trial. *Id.* at 455, 902 P.2d at 1058 Accordingly, the Court in *Clayton* did not perform a whole record review of the agency's decision, but instead reviewed the district court's ruling for substantial evidence and mistakes of law. *Id.*

Subsequently, Section 3-19-8 was modified to provide that appeals from municipal planning commission decisions would be governed by Section 39-3-1.1. 1999 N.M. Laws, ch. 265, § 5. Section 39-3-1.1 provides a framework for administrative appeals that applies the deferential whole record approach discussed above. *See* § 39-3-1.1(D). It applies only when explicitly adopted. § 39-3-1.1(A).

Dozens of statutes have adopted Section 39-3-1.1; however, the Legislature has chosen not to replace the appeal procedure in Section 3-18-5 with a reference to Section 39-3-1.1. We therefore now apply *Clayton*'s reasoning to determine the standard of review applicable to district court review under Section 3-18-5.

Section 3-18-5 provides that on appeal from a municipality's decision, the "district court shall hear the matter de novo and enter judgment in accordance with its findings." Section 3-18-5(E)(2). This language contemplates that the district court will hear additional evidence. Like the statute in *Clayton*, it provides for de novo review. Additionally, it instructs the district court to make findings, an instruction that is incompatible with the deferential whole record review described in Section 39-3-1.1 and Rule 1-074. *See Cadena v. Bernalillo Cnty. Bd. of Cnty. Comm'rs*, 2006-NMCA-036, ¶ 18, 139 N.M. 300, 131 P.3d 687 (holding that a district court may not make findings of fact when reviewing under Section 39-1-1.1). The language also allows the district court to do more than simply reverse and remand—the court must enter a judgment based on its findings. We therefore conclude that Section 3-18-5 requires de novo review of decisions by municipalities in the district courts.

Ordinance 5-5-4 attempts to restrict review, not just to the deferential review of Section 39-3-1.1 and Rule 1-074, but to review under a clearly erroneous standard, which is only a small portion of whole record review. Because this purported

restriction conflicts with Section 3-18-5, the City had no authority to pass it. *See* § 3-17-1. The correct procedure was for the court to conduct a de novo proceeding, hearing new evidence and entering its judgment based on its findings. If the district court has applied the correct standard, we will not apply whole record review to the City Council's resolution, but will instead view the proceedings in the district court through the lenses of our traditional standards of review.

**B.      Substantial Evidence**

We now turn our attention to the proceedings before the district court. In doing so, we also examine Lopez's argument that the district court's conclusion that his property violated Ordinance 5-5-1 is not supported by substantial evidence. Ordinance 5-5-1 provides that

> Whenever any building or structure is ruined, damaged and dilapidated, or any premises is covered with ruins, rubbish, wreckage or debris, the city council may, by resolution, find that the ruined, damaged and dilapidated building or structure or premises is a menace to the public comfort, health, peace or safety and require the removal from the city of the building, structure, ruins, rubbish, wreckage or debris.

The City made such a resolution, and the district court determined that the resolution was not clearly erroneous.

"Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Salazar v. D.W.B.H., Inc.*, 2008-NMSC-054, ¶ 6, 144 N.M. 828, 192 P.3d 1205 (internal quotation marks and citation omitted).

> [W]hen considering a claim of insufficiency of the evidence, the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable inferences in support of the prevailing party. Additionally we will not reweigh the evidence nor substitute our judgment for that of the fact finder. The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached.

*Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (citations omitted).

The district court held a hearing at which it heard evidence regarding the state of Lopez's property. Ms. Hinkle testified that the property was run down, boarded up, and covered in trash and debris. Photographs were introduced into evidence showing evidence of structural problems, leaks, filth, and possibly mold. At the hearing, the district court stated its opinion that no objective observer of the photographs would conclude that the building was not dilapidated. We agree with the district court that the photographs and testimony are relevant evidence from which a reasonable mind could conclude that the property was dilapidated and covered with rubbish and debris.

Although the district court correctly conducted a de novo trial, hearing new evidence and drawing its own conclusions from the evidence, there is nevertheless one

problem that prevents us from simply affirming its result. The order filed by the court did not set forth the findings and conclusions the court made orally at the hearing. Instead, the order stated that "[a]fter hearing the matter *de novo*, the [c]ourt [f]inds that Plaintiff has failed to meet its burden of persuasion to show that the decision made by the Artesia City Council is clearly erroneous." The court also made it clear that this conclusion was based on Ordinance 5-5-4. However, as we have discussed, the City was without authority to impose a clearly erroneous standard of review on the district court.

The error is significant because the clearly erroneous standard is more difficult for Lopez to overcome than the standard–presumably a preponderance of the evidence–which would apply at a de novo trial on the merits. The error also prevents us from simply affirming, as it is possible that the district court believed that Lopez would have prevailed under the lower standard, but did not prevail under the clearly erroneous standard. We therefore remand for the district court to make findings and enter its judgment in accordance with the valid portion of Section 5-5-4 and the discussion in this Opinion.

## C. Retroactivity

Having discussed the areas in which there was error, we proceed to the issues in which there was not. Lopez argues that the city improperly applied Section 117.1 of its building code against him retroactively. Relying on *Howell v. Heim*, 118 N.M. 500, 506, 882 P.2d 541, 547 (1994), the City argues that an ordinance is not retroactively construed when it is applied to a condition existing on its effective date. Alternatively, the City argues that its actions were also authorized by Section 3-18-5.

We presume that a statute applies prospectively unless the Legislature clearly intends to give it retroactive effect. *State v. Morales*, 2010-NMSC-026, ¶ 8, 148 N.M. 305, 236 P.3d 24. Because the ordinances at issue here do not explicitly declare that the Legislature intended them to apply retroactively, "we must interpret [them] to apply prospectively and ensure that there is no retroactive effect." *GEA Integrated Cooling Tech. v. State of N.M. Taxation & Revenue Dep't*, 2012-NMCA-010, ¶ 17, ___, N.M. ___, ___ P.3d ___. Whether a statute operates retroactively is a question of statutory construction that we review de novo. *See id.* ¶ 5.

"A statute or regulation is considered retroactive if it impairs vested rights acquired under prior law or requires new obligations, imposes new duties, or affixes new disabilities to past transactions." *Howell*, 118 N.M. at 506, 882 P.2d at 547. "Thus, to determine whether a statutory amendment is retroactive the court must ask

whether the new provision attaches new legal consequences to events completed before its enactment." *Morales*, 2010-NMSC-026, ¶ 9 (internal quotation marks and citation omitted). "[A] statute does not operate retroactively merely because some of the facts or conditions which are relied upon existed prior to the enactment." *Howell*, 118 N.M. at 506, 882 P.2d at 547 (internal quotation marks and citation omitted).

We discern no retroactive application of ordinances in this case. As an initial matter, we note that although Lopez directs his argument at Section 117.1 of the building code, the City actually exercised its powers under Ordinance 5-5-1, and we will treat Lopez's argument as applying to that ordinance. Furthermore, we agree with the City that Section 3-18-5, which predates Lopez's purchase of the property and which confers upon the City the powers identical to Ordinance 5-5-1, applies prospectively here and justifies affirmance under a right for any reason theory. But in any event, no ordinance was applied retroactively here because the City has not sought to penalize Lopez for a condition that existed and was terminated prior to the ordinance's adoption. Instead, the City based its resolution on a condition that existed prior to the ordinances in question and which continued to exist despite years of efforts to get Lopez to comply. We therefore conclude that the City did not impermissibly apply any ordinance retroactively.

**D.    No Right to Jury Trial**

Lopez contends that the district court wrongfully denied his request for a trial by jury. His argument appears to rest on a distinction between administrative appeals, which he implies do not require a jury, and trials de novo, which he suggests do.

"The right of trial by jury as it has heretofore existed shall be secured to all and remain inviolate." N.M. Const. art. II, § 12. "It was the purpose of the Constitution framers to retain the right to trial by jury as it heretofore existed in the Territory of New Mexico except in special proceedings unless express provision for jury trial was included therein." *El Paso Elec. v. Real Estate Mart, Inc.*, 98 N.M. 490, 495, 650 P.2d 12, 17 (Ct. App. 1982). "Article II, Section 12 of the New Mexico Constitution has been interpreted so as to preserve the right to a jury trial as it existed at the time the constitution was adopted." *Smith v. First Alamogordo Bancorp, Inc.*, 114 N.M. 340, 342, 838 P.2d 494, 496 (Ct. App. 1992).

At the time the New Mexico Constitution was adopted, no provision existed for trial by jury in a proceeding of this type because no proceeding of this type existed. Authority for a municipality to condemn property is currently granted by Section 3-18-5, which was originally enacted in 1965. 1965 N.M. Laws, ch. 300. The statute does not explicitly grant the right to trial by jury. *See* § 3-18-5(E) (contemplating that the court will enter judgment based on its findings, not on a jury's verdict).

15

Furthermore, Lopez has not identified any analogous action that existed at the time the New Mexico Constitution was adopted in which there was a right to a jury. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). Lopez's only citation is to rule 1-072(F) NMRA, which does not govern administrative appeals. As Lopez has not pointed us to any error in the district court's denial of his jury request, we decline to reverse the district court's decision on this basis. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990) ("Appellant must affirmatively demonstrate its assertion of error.").

**III.    CONCLUSION**

For the foregoing reasons, we vacate the district court's judgment of dismissal and remand for further proceedings consistent with this Opinion.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**LINDA M. VANZI, Judge**

16