**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 1, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

JOSEPH BLEA,

     Petitioner - Appellant,

v.

RICHARD MARTINEZ; ATTORNEY
GENERAL OF THE STATE OF
NEW MEXICO,

     Respondents - Appellees.

No. 23-2191
(D.C. No. 2:20-CV-00986-JCH-JHR)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BACHARACH**, **EID**, and **FEDERICO**, Circuit Judges.
_____

New Mexico prisoner Joseph Blea, proceeding pro se[1] seeks a certificate

of appealability (COA) to appeal the district court's denial of his petition for

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Because [Mr. Blea] appeared pro se, we liberally construe his pleadings. Nevertheless, he . . . . must comply with the same rules of procedure as other litigants." *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (internal citations omitted). And in the course of our review, "[w]e will not act as his counsel, searching the record for arguments he could have, but did not, make." *Id.*

habeas corpus under 28 U.S.C. § 2254. We deny a COA and dismiss this matter.

## BACKGROUND

A New Mexico jury found Mr. Blea guilty of two first-degree felonies—criminal sexual penetration and kidnapping. Mr. Blea committed the crimes in 1988. At that time, New Mexico's statute of limitations for first-degree felonies was fifteen years. But in 1997, the New Mexico legislature amended N.M. Stat. Ann. § 30-1-8 to provide: "[F]or a capital felony or a first[-]degree violent felony, no limitation period shall exist and prosecution for these crimes may commence at any time after the occurrence of the crime."

State prosecutors charged, tried, and convicted Mr. Blea in 2015, more than fifteen years after he committed the crimes. The New Mexico district and appellate courts upheld the conviction on direct appeal and on state collateral review.

Mr. Blea filed a § 2254 petition in 2020, arguing, as he had throughout his state appeals, that he had a right to the original fifteen-year limitations period that expired prior to his prosecution and that allowing his prosecution under the 1997 amendment violated the *Ex Post Facto* Clause of the Constitution. He later sought to amend his § 2254 petition to add a claim that his trial defense counsel was constitutionally ineffective for failing to adequately raise this argument.

A magistrate judge recommended the district court deny the petition. The magistrate judge concluded Mr. Blea had no vested right to the shelter under the fifteen-year duration of the original statute of limitations and there was no violation of the *Ex Post Facto* Clause when the state applied the expanded limitations period to his prosecution.

Mr. Blea filed timely objections. The district court overruled the objections, adopted the magistrate judge's recommendations, denied the § 2254 petition, denied leave to amend as futile, and denied a COA. The district court concluded Mr. Blea failed to show how the state court acted contrary to or unreasonably applied clearly established federal law when it rejected his statute-of-limitations and *Ex Post Facto* Clause arguments. This COA application followed.

## DISCUSSION

To appeal the denial of his § 2254 petition, Mr. Blea must obtain a COA by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Our consideration of a COA request incorporates the "deferential treatment of state court decisions" in the Antiterrorism and Effective Death Penalty Act (AEDPA). *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA,

3

to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The Supreme Court has held "a law enacted *after* expiration of a previously applicable limitations period violates the *Ex Post Facto* Clause when it is applied to revive a previously time-barred prosecution." *Stogner v. California*, 539 U.S. 607, 632–33 (2003) (emphasis added). But "to hold that such a law is *ex post facto* does not prevent the State from extending time limits for . . . prosecutions not yet time barred." *Id.* at 632; *see also United States v. Taliaferro*, 979 F.2d 1399, 1402 (10th Cir. 1992) ("[T]he application of an extended statute of limitations to offenses occurring prior to the legislative extension, where the prior and shorter statute of limitations has not run as of the date of such extension, does not violate the [E]x [P]ost [F]acto [C]lause.").

In Mr. Blea's case, the New Mexico legislature extended the relevant statute of limitations in 1997, when the fifteen-year statute of limitations had not yet run. So none of the arguments in Mr. Blea's COA application show a constitutional violation from its extension. *See Stogner*, 539 U.S. at 632–33.

Mr. Blea argues at length that his case is distinguishable from *State v. Morales*, 236 P.3d 24, 26 (N.M. 2010), in which the New Mexico Supreme

4

Court held the 1997 amended statute of limitations applied to "capital felonies and first-degree violent felonies committed after July 1, 1982." *See* Aplt. Opening Br. & Appl. for COA at 6–14, 17–21, 25–26. He strains to distinguish *Morales* because its holding defeats his claim. But "a state court's interpretation of state law, . . ., binds a federal court sitting in habeas corpus." *Hawes v. Pacheco*, 7 F.4th 1252, 1264 (10th Cir. 2021). So "to the extent [Mr. Blea] argues the state court erroneously interpreted and applied state law, that does not warrant [federal] habeas relief." *Id.* (internal quotation marks and brackets omitted).

Also unavailing are Mr. Blea's arguments that his prosecution was unconstitutional based on (a) the report of his crime to law enforcement in 1989 or (b) the passage in 1987 of N.M. Stat. Ann. § 30-1-9.1 ("The applicable time period for commencing prosecution . . . shall not commence to run for an alleged violation of [the sexual penetration statute] until the victim attains the age of eighteen or the violation is reported to a law enforcement agency, whichever occurs first."). The Supreme Court and this court have held the extension of the statute of limitations does not violate the Constitution. *See Stogner*, 539 U.S. at 632–33; *Taliaferro*, 979 F.2d at 1402. So reasonable jurists could not debate the district court's dismissal of Mr. Blea's § 2254 claims.

We also reject Mr. Blea's argument that the district court erred in ruling without first holding an evidentiary hearing. Because we would review a

5

district court's denial of an evidentiary hearing for abuse of discretion during a merits appeal, the Supreme Court has accepted a formulation of "the COA question" as "whether a reasonable jurist could conclude that the District Court abused its discretion." *Buck v. Davis*, 580 U.S. 100, 123 (2017). Where, as here, a court can resolve a habeas claim on the existing record, it does not abuse its discretion when it denies an evidentiary hearing. *Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003). The district court was able to resolve Mr. Blea's claims on the record, and he has not shown what evidence he would have presented at a hearing that would have made a difference. A reasonable jurist could not conclude the district court abused its discretion in not holding an evidentiary hearing.

Finally, Mr. Blea claims his trial defense counsel was ineffective for failing to raise and argue that the statute of limitations barred his prosecution. We reject this argument because a counsel cannot be ineffective for failing to raise a claim that lacks merit. *See Fairchild v. Trammel*, 784 F.3d 702, 724 (10th Cir. 2015).

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Richard E.N. Federico
Circuit Judge

6