This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41554**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CRYSTAL SANCHEZ a/k/a
CRYSTAL REBECCA SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
Cindy M. Mercer, District Court Judge**

Raúl Torrez, Attorney General
Benjamin L. Lammons, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** In this appeal Defendant Crystal Sanchez argues that the district court failed to apply a statutory presumption of bad faith, and to suppress police officer testimony based on the failure to wear a body-worn camera as required by NMSA 1978, Section 29-1-18 (2020, amended 2023)[1] during the execution of a search warrant that resulted

---

[1]Section 29-1-18, which was enacted in 2020 was amended in 2023, after the incident underlying Defendant's conviction occurred. The 2023 amendment redesignated former Subsection B as Subsection

in Defendant being charged with one count each of trafficking fentanyl (possession with intent to distribute), trafficking methamphetamine (possession with the intent to distribute), and trafficking cocaine (possession with the intent to distribute). Finding no error, we affirm.

## BACKGROUND

**{2}** Following execution of a search warrant in December 2021 Defendant was indicted for one count each of trafficking fentanyl (possession with intent to distribute), trafficking methamphetamine (possession with the intent to distribute), and trafficking cocaine (possession with the intent to distribute). Defendant filed a motion to exclude testimony regarding the search by two of the officers who executed the search warrant (the motion). The two officers were Valencia County Sheriff's Deputy Victor Saavedra (Deputy Saavedra) and Bosque Farms Police Officer Joseph Harris, Jr. (Officer Harris).

**{3}** In the motion, Defendant argued that the testimony of Deputy Saavedra and Officer Harris should be excluded because neither wore their body cameras during the execution of the search warrant. Defendant cited to Section 29-1-18 in support of the motion, noting that pursuant to Section 29-1-18 peace officers are "required to wear body-worn cameras" and should a peace officer fail to comply they "shall be presumed to have acted in bad faith."

**{4}** In its reply, the State conceded that neither officer wore their body camera during the execution of the search warrant as required by Section 29-1-18, and submitted that the proper remedy would be to bring this noncompliance with Section 29-1-18 to the attention of the jurors at trial rather than to exclude the evidence.

**{5}** After a hearing, the district court denied the motion. The court ruled that while both officers violated Section 29-1-18, their conduct amounted to gross negligence and not bad faith. The court concluded that any prejudice to Defendant could be managed by instructions to the jury. Defendant then filed a motion to reconsider, which was denied. Subsequently, Defendant entered into a conditional plea agreement where she pleaded no contest to one count of attempted trafficking, contrary to NMSA 1978, Sections 30-31-20(A)(3) (2006) and -28-1 (1963); and two counts of possession of a controlled substance, contrary to NMSA 1978, Section 30-31-23 (2019), and in which she expressly reserved the right to appeal the denial of the motion. This appeal followed.

## DISCUSSION

---

C and amended the language of former Subsection B by replacing "shall" with "may" in both instances where "shall" appears within that subsection. Consequently, on the date of the incident giving rise to this case, Section 29-1-18 mandated that peace officers who failed to comply with the requirements of Subsection A of Section 29-1-18 "*shall* be presumed to have acted in bad faith." (emphasis added). *See State v. Morales*, 2010-NMSC-026, ¶ 8, 148 N.M. 305, 236 P.3d 24 ("[A] statute is applied prospectively unless the legislature has made clear its intention to apply it retroactively." (internal quotation marks and citation omitted)). All references to Section 29-1-18 in this opinion are to the 2020 version of the statute.

**{6}** The grant or "denial of a motion to sanction by dismissal or suppression of evidence is reviewed for abuse of discretion." *State v. Duarte*, 2007-NMCA-012, ¶ 3, 140 N.M. 930, 149 P.3d 1027. "[A] trial court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *State v. Vigil*, 2014-NMCA-096, ¶ 20, 336 P.3d 380. Further, "[a]n abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize [the court's ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

**{7}** Defendant argues that the district court erred by failing to presume bad faith based on the failure to comply with Section 29-1-18. Section 29-1-18(A) stated, in pertinent part, that "[a] law enforcement agency shall require peace officers the agency employs and who routinely interact with the public to wear a body-worn camera while on duty." Section 29-1-18(B) provided that "[p]eace officers who fail to comply with the policies and procedures required to be adopted pursuant to Subsection A of this section shall be presumed to have acted in bad faith."

**{8}** In its order denying the motion, the district court cited to *State v. Ware*, stating that the test provided in *Ware* makes it clear that "unless the defense can show that it was something more than gross negligence, even if the [officers were] acting contrary to police procedure[s], the appropriate remedy is that the trial court may instruct the jury and the jury can infer that the evidence not [collected] would be unfavorable to the State." *See* 1994-NMSC-091, ¶ 26, 118 N.M. 319, 881 P.2d 679 Additionally, in its original order denying the motion, the district court found that "[t]he only remedies mentioned in [Section] 29-1-18 are civil related *except* the finding of bad faith." Yet, in its order denying Defendant's motion to reconsider the original order denying the motion, the district court concluded that "[e]ven if the [c]ourt had found it was bad faith, the [c]ourt's position is that there are only civil tort remedies under [Section] 29-1-18."[2] The

---

2We note that in rendering its decision to deny Defendant's motion for reconsideration, the district court relied on the 2023 version of Section 29-1-18 rather than the 2020 version of Section 29-1-18, which, as we mentioned earlier, is the version that applies to this case. We note this because the district court relied on the permissive language of Section 29-1-18(C) (2023) to support its decision to deny Defendant's motion to reconsider. In the order denying the motion to reconsider the district court stated,

> Pursuant to . . . Section 29-1-18(C), "Peace officers who fail to comply with the policies and procedures required to be adopted pursuant to Subsection A of this section *may* be presumed to have acted in bad faith."

The district court's reliance on the permissive language of the 2023 version of Subsection C of Section 29-1-18 is misplaced because, while the 2023 version of Section 29-1-18(C) is permissive as to a finding of bad faith for a violation of the requirements of Subsection A of Section 29-1-18, the 2020 version of Section 29-1-18(B) is mandatory. It provides that a police officer who violates Subsection A of Section 29-1-18 by not wearing a body camera while on duty "*shall* be presumed to have acted in bad faith." Nevertheless, for the reasons set forth in this opinion, the district court's reliance on the 2023 version of Section 29-1-18 is of no consequence in the disposition of this appeal. *See Wright v. Brem*, 1970-NMCA-030, ¶ 7, 81 N.M. 410, 467 P.2d 736 (explaining that an "[appellate court's] function is to correct an erroneous result, and not to correct errors which, even if corrected, will not change the result").

district court, in that order reiterated that "[t]he remedies available for addressing a failure to collect evidence in a criminal case [are] as outlined in . . . *Ware*."

**{9}**     In *Ware*, our Supreme Court announced a two-part test for deciding whether sanctions against the State are appropriate when police fail to collect evidence from a crime scene. *See* 1994-NMSC-091, ¶ 25. First, "the evidence that the [s]tate failed to [collect] from the crime scene must be material to the defendant's defense." *Id.* Second, if the trial court determines that "the evidence is material to the defendant's defense, then the conduct of the investigating officers is considered." *Id.* ¶ 26. If the officers acted in bad faith, then the trial court *may* suppress the evidence. *Id.* However, "[i]f it is determined that the officers were grossly negligent in failing to [collect] the evidence—for example, by acting directly contrary to standard police investigatory procedure—then the [district] court may instruct the jury that it can infer that the material evidence not [collected] from the crime scene would be unfavorable to the [s]tate." *Id.* With this in mind, we apply the *Ware* two-part test to this case.

**{10}**     As to the first prong of the test, because neither party to this appeal contests the materiality of the uncollected video evidence, we presume that the uncollected video evidence is material, satisfying the first prong of the *Ware* two-part test. In doing so, we note that Defendant asserts that the uncollected video evidence is material to the defense and that the State does not challenge that assertion. We further note that although the district court did not explicitly make a finding concerning the materiality of the uncollected video evidence, we conclude that it impliedly found that the uncollected video evidence was material since it considered the second prong of the *Ware* two-part test when it concluded that the officers engaged in gross negligence by not wearing the body-worn cameras, and further concluded that the gross negligence could be managed by instructions to the jury. *See id.* ¶ 26. ("If the evidence is material to the defendant's defense, then the conduct of the investigating officers is considered.").

**{11}**     We turn then to the second prong of the *Ware* test—considering the conduct of the investigating officers. Regarding this prong, *Ware* instructs that (1) where "the failure to collect the evidence was done in bad faith, . . . then the [district] court may order the evidence suppressed"; (2) where "the officers were grossly negligent in failing to [collect] the evidence—for example, by acting directly contrary to standard police investigatory procedure—then the [district] court may instruct the jury that it can infer that the material evidence not [collected] . . . would be unfavorable to the [s]tate"; and (3) where "the failure to [collect] evidence is merely negligent, an oversight, or done in good faith, sanctions are inappropriate, but the defendant can still examine the prosecution's witnesses about the deficiencies of the investigation and argue the investigation's shortcomings against the standard of reasonable doubt." *Id.*

**{12}**     As to this prong of the *Ware* two-part test, Defendant contends "the district court misapplied both the statute's presumption and its impact on the analysis required by *Ware*." Specifically, Defendant contends that

[t]he district court ignored the clear language of the statute, which requires a presumption that the officer acted in bad faith when he failed to comply with the required body-worn camera procedures. Instead, by ignoring the mandatory statutory presumption, the court found incorrectly that he was merely grossly negligent. In its order on the motion for rehearing, the district court applied the wrong version of the statute, finding that instead of a mandatory presumption of bad faith, that it "may" presume bad faith. The court then found that even if it found bad faith, that the statute only provides for civil tort remedies.

However, even if we assumed arguendo that (1) Defendant's contentions were correct; and (2) the district court were to conclude that the officers' conduct amounted to bad faith, the district court still had discretion, under *Ware,* to decline to suppress the evidence. *See id.* ("If the [district] court determines that the failure to collect the evidence was done in bad faith, . . . then the [district] court *may* order the evidence suppressed." (emphasis added)).

**{13}** Moreover, the remedy afforded by the district court in its discretion was sufficient to ensure a fair trial. The district court ordered that an adverse inference jury instruction would allow the jury to infer that the uncollected video evidence "would be unfavorable to the State." As highlighted in *Ware*, "[appellate courts] do not condone shoddy and inadequate police investigation procedures at the expense of a criminal defendant's right to a fair trial." *Id.* ¶ 23. However, in balancing the State's interest in "the effectiveness of law enforcement," *see id.*, with Defendant's interest in a fair trial, our Supreme Court noted that requiring perfect procedure in every case would "shift the line of fairness between the rights of an accused and the rights of society totally to one side." *Id.* (internal quotation marks and citation omitted). In this case, the district court had discretion regarding the evidence that Defendant wanted suppressed, even if the officer was presumed to have acted in bad faith. *See id.* ¶ 26. Accordingly, under the circumstances of this case, we perceive no error and conclude that the district court did not abuse its discretion by denying Defendant's motion to suppress and instead granting an adverse inference instruction. *See Rojo*, 1999-NMSC-001, ¶ 41.

**CONCLUSION**

**{14}** For the foregoing reasons, we affirm.

**{15}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**KATHERINE A. WRAY, Judge**